## H. C. BRIDGERS v. L. L. STATON ET AL.

(Filed 4 March, 1909.)

1. **Corporations—Stockholders—Pooling Stock—Agreement Void.**

   An agreement for the purpose of pooling stock in a corporation to control or apportion the directors is void, and no rights can be acquired thereunder by the parties.

2. **Corporations—Stockholders—Pooling Stock—Agreement to Vote—Proxy—Limitations of Power.**

   A written agreement assigning stock in a corporation with authority to vote, reserving to the assignors, who retain possession, the right to all dividends, amounts only to a proxy (Revisal, sec. 1185) and, after the expiration of three years, it cannot be voted. Revisal, sec. 1184.

3. **Corporations—Stockholders—Voting Cumulative—Officers—Adjournment.**

   The right to cumulative voting given by Revisal, sec. 2831 (3), is with the proviso that the minority stockholders openly announce that they will exercise such rights, when it appears that one person owns or controls more than one-fourth of the capital stock, and it cannot be exercised when only one proposition is voted upon or on a motion to adjourn. (The principles and effect of cumulative voting discussed by CLARK, C. J.)

4. **Corporations—Stockholders—Illegal Voting—Adjournment—Majority Vote—No Quorum.**

   When a motion to adjourn a stockholders' meeting has been carried, and a sufficient number have withdrawn to reduce the number of those present below a majority of all the stock issued and outstanding (Revisal, sec. 1182), an election of officers cannot be lawfully held thereafter at that meeting, though the adjournment were carried by an illegal vote.

5. Corporations—Stockholders—Illegal Voting—Adjournment—
   Status of Meeting—Result—Power of Court.

The court can only declare the true result of a vote by the stockholders as to some measure or the election of officers illegally announced after a vote thereon, because of the illegal admission or rejection of certain votes; but as to an adjourned meeting to be held, stockholders not represented at the first meeting and new stockholders are entitled to vote, and hence the legal status as to the adjourned meeting cannot be established until that meeting and the vote taken, and an injunction cannot issue against certain stockholders voting at such meeting.

6. Corporations—Stockholders' Meeting—Adjournment—Ordered
   by Court.

A *mandamus* sought under the provisions of Revisal, secs. 1188 and 1189, cannot issue to compel the reconvening of the stockholders for the election of directors because of an illegal adjournment to a certain date by unlawful voting of stock, when that date has passed. The provisions of section 1188 should be followed, requiring that upon the failure of the directors for thirty days to call a stockholders' meeting for the purpose, after a written request from the owners of one-tenth of the outstanding shares of stock, the judge may, on application of a stockholder and on notice to the directors, order an election, etc.

7. Same—Quorum, How Ascertained—Notice to Stockholders.

A meeting of the stockholders of a corporation ordered upon application by the judge in accordance with the provisions of Revisal, sec. 1188, must be composed of a majority of shares held twenty days before such meeting, as it appears from the stock book or, in case of discrepancy, the transfer book of the corporation. The notice of such call, by custom and by analogy to Revisal, sec. 1190, should be mailed to all stockholders whose address is known.

8. Parties, Defective—Procedure—Demurrer.

Objection for defect of parties must be made by demurrer or answer; otherwise it is waived.

9. Stockholders—Transfer Books.

When there is a discrepancy between the stock book and the transfer book, the latter controls. Revisal, 1181.

ACTION from EDGECOMBE, heard upon pleadings and affidavits before *W. R. Allen, J.,* 30 November, 1908.

Plaintiff appealed.

*F. S. Spruill* for plaintiff.

*G. M. T. Fountain, Aycock & Winston* and *F. A. Daniels* for defendants.

CLARK, C. J.    This is an action brought under Revisal, secs. 1188 and 1189, and seeks a *mandamus* to compel a reconvening of a meeting of the stockholders of a private corporation and an injunction against certain stockholders voting at such meeting.

The plaintiff complained, among other things, that he and the defendants had "pooled their stock," which was a majority of the stock, under an agreement, to last ten years, that the directors were to be divided between them, and that the defendants had violated their agreement. Such agreement was against public policy and void, and his Honor properly held that the plaintiff could base no rights thereon. *Harvey v. Improvement Co.,* 118 N. C., 693.

His Honor found as facts that at the regular annual meeting, held 14 October, 1908, which was the regular time for the election of directors, it appeared that the total capital stock of the company, outstanding, was 1,644 shares, of which 537 shares were held by plaintiff for himself or as agent or proxy, and that the defendants, in person or as proxy, represented 525 shares, and, further, were allowed to vote 276 shares under instruments more than three years old, which assigned the stock for a period of years, with authority to vote the same, reserving to the assignors the right to draw all dividends thereon during such period, the assignors also retaining possession of the stock. His Honor rightly held such assignment to be no more than a proxy (Revisal, sec. 1185), and, being more than three years old, the holders were not entitled to vote thereon. Revisal, sec. 1184. He consequently held that only 1,062 shares were legally represented, of which the 537 represented by the plaintiff was a majority. The defendants, however, voting said 276 shares, cast 801 votes and controlled the meeting.

In computing the 525 votes legally represented by the defendant, his Honor allowed them to vote 130 shares which were transferred on the book of stock certificates 24 September, 1908, and, as we understand it, new certificates of stock were issued

that day.  The entry thereof on the stock ledger was not made till 26 September, though dated 24 September.  Revisal, sec. 1181, provides that "the stock books of the corporation shall be referred to to ascertain who are the stockholders, and in case of a discrepancy between the books the transfer book shall control."

The plaintiff demanded his right to vote cumulative under authority of chapter 457, Laws 1907; Pell's Revisal, 1183, upon the question of adjournment.  This was refused, and the meeting adjourned till 18 November, but there has been no meeting held since 14 October.  His Honor finds that the plaintiff did not cast his vote for directors or offer to do so.  It was impossible for him to vote cumulative upon a single proposition.  It is only when several persons are voted for at the same time that the voter can "cumulate" his votes.

It is true that of the legal votes present the plaintiff's 537 was a majority, and the adjournment was illegally carried, but this has no practical bearing on the controversy, for, as the defendants withdrew, the plaintiff's 537 shares was not a "majority of all the stock issued and outstanding" (1644), which is required by Revisal, sec. 1182, and he could not have held an election after the "breaking of the quorum," and in fact did not attempt to do so.  It makes no difference whether the adjournment was illegally voted or not, since the tangible fact of the withdrawal of the defendants in law put an end to the meeting.

His Honor held that the plaintiff was not entitled to vote cumulative, "because chapter 457, Laws 1907, was not passed for the benefit of a stockholder owning or controlling one-fourth or more of the stock, but to protect the small stockholder against him."  Such reason is not given in the statute.  The statute, now included in section 1183, Pell's Revisal, is not very clearly or succinctly expressed.  It provides that if "at the time of the election of the directors, managers or trustees" of a corporation it appears from the transfer book or otherwise that more than one-fourth of the capital stock is owned or controlled by one person [which, of course, includes corporations (Revisal, sec. 2831, subsec. 6)], the stockholders shall have the right of cumulative voting "in the election of the directors, managers or trus-

tees of such corporation," with a proviso that the minority stock-holders shall openly announce in such meeting held for such election that they will exercise such right of cumulative voting. The right, if thus publicly claimed by any minority stockholder (and the plaintiff held less than a majority of all the stock), is given whenever it appears (as it did here) that any one person owns or controls more than one-fourth of the capital stock, whatever the amount of his stock. Whenever it is given, it is allowed "to each stockholder." Such right is not given generally, but only in the election of officers. It could not apply to other matters, as the motion to adjourn, for instance, where there is only one proposition and nothing to "cumulate" upon. If directors had been voted for, the plaintiff was entitled to vote cumulative. It may be noted that whether the voting is cumulative or not, whenever more than one is voted for at the same time, double such number, minus one, might receive a majority. For instance, in this case, if there were 1,600 shares and each voted for five directors, 8,000 names would be on the ballots and nine men (twice five, minus one) could receive 801 votes or more, *i. e.*, a majority of 1,600. The subject of cumulative voting is discussed (but not in this aspect) in 10 Cyc., 337.

The plaintiff most earnestly contends that in the new meeting the votes should be cast as they were then legally represented. If a vote as to some measure, or in an election of officers, had been illegally announced because of the illegal admission or rejection of certain votes, the court could declare the true result. *In re Argus Printing Co.,* 26 Am. St., 689; 12 L. R. A., 781. But even in an adjourned meeting stockholders not represented at the first meeting are entitled to vote, and on plaintiff's own showing this is not even an adjourned meeting, for, aside from the fact that the adjournment to 18 November was illegal because voted by a minority (as he contends), that date has passed.

No directors having been elected, the statutory remedy (which excludes any other) provides (Revisal, sec. 1188) that on failure to elect directors at the designated time, if the directors shall fail or refuse for thirty days to call a meeting for that purpose, after receipt of a written request for such election from

the owners of one-tenth of the outstanding shares of stock, the judge may, on application of any stockholder and on notice to the directors, order an election or make such other order as justice may require. In such meeting any stockholder whose certificate has been issued to him more than twenty days before such meeting will be entitled to vote, whether he was or was not represented in the meeting of 14 October, 1908, or even if he was not a stockholder at that meeting. The new meeting must be composed of a majority of shares and held by those who are stockholders of record twenty days before such meeting.

The proceeding was properly dismissed because the statute was not complied with. There was no application to the directors to call a meeting, alleged or shown, nor refusal after thirty days' notice. The plaintiff, by complying with the statute, can, if so advised, bring a new action against the directors and compel the meeting to be called for the election of directors. By analogy to Revisal, sec. 1190, and by general custom, if the meeting is ordered, notice should be mailed to all stockholders whose address is known.

In this action the corporation itself might well have been made a party, but if the failure to do so is a defect it was not so serious as to justify a dismissal of the action on that ground, if otherwise regular. The objection for defect of parties must have been made by demurrer (Revisal, sec. 474, subsec. 4), and should have been cured by making the corporation a party, as this would not substantially change the nature of the action. *Commissioners v. Candler*, 123 N. C., 682. The objection was waived by failure to demur. *Howe v. Harper*, 127 N. C., 356. For the reason above given, however, the judgment dismissing the action is

Affirmed.