9550

STATE *EX REL.* SPRINGS *ET AL.* v. ELLISON.

(90 S. E. 699.)

1. CORPORATIONS — ELECTIONS OF DIRECTORS — POWERS OF MAJORITY. — Where a corporation had five directors, and at a meeting of stockholders a motion was carried to elect seven directors, and the majority voted for seven directors and the minority, cumulating their votes on four directors, secured a majority of directors on the face of the teller's tabulation, and where the chairman declared the election void, and the minority withdrew taking the minutes and the ballot, and the majority faction representing the majority of the stock remained and reconsidered the action by which the seven directors were elected, and had another election, and elected four of the majority and three of the minority as directors, such majority election, in the absence of any restrictive constitutional by-laws against such reconsideration, was valid.

2. CORPORATIONS — DIRECTORS — ELECTION — ORDER. — Where the Court concluded that at a meeting of stockholders of a company for that purpose, three of the relators were elected directors, with four others, and were entitled to their office as such, and that they were excluded from exercising the duties of their office by the respondents, a judgment dismissing the petition in a proceeding by relators to get possession of the corporate property did not follow the conclusion, but should have been that relators were directors, and as such entitled to exercise the duties of such office.

IN THE ORIGINAL JURISDICTION. Proceeding by the State of South Carolina, on the relation of Leroy Springs and others, against Luther Ellison and others.

*Messrs. Williams & Williams* and *Grier, Park & Nicholson,* for petitioners, cite: *As to duty of respondents to protect themselves:* 2 Strob. Eq. 154. *Cumulative voting for directors:* Const. 1895, art. IX, sec. 11; Civil Code, sec. 2787; 232 Pa. St. 53; Am. Cas. 1912c, 1267; 56 L. R. A. 947; Cook Corp. (5th ed.), sec. 609a, p. 1302; 1 Thompson Corp. 1086, 1090; 61 Ohio St. 497; 56 N. E. 201; 48 Kan. 222; 29 Pac. 566; 3 Boyce (Del.) 1; 79 Atl. 790; Ann. Cas. 1915a, 1133; 8 Enc. L. (2d ed.), 496; 10 Enc. Pl. & Pr. 338; 67 Cal. 532; 109 Pa. St. 561; 15 Oregon 98; 52 Mo. App.

430; 14 Pac. 814; 15 Pac. 137 and 384; 101 N. E. 953; 120
Mass. 501; 130 Ga. 625; 12 A. & E. Ann. Cas. 939; 35 L.
R. A. 564; 135 U. S. 507; 10 Cyc. 337; 56 N. E. 201; 98
Cal. 578; 21 L. R. A. 233; 103 Cal. 357; 35 Pac. 1045; 150
Pac. 1012; 67 N. E. 17; 2 Cook Corp. (7th ed.) 1782.
*Office of directors:* 94 N. E. 623; 101 N. E. 194; Thomp.
Corp. (2d ed.), sec. 1084; Cook Corp., secs. 711 and 746;
Morawitz Private Corporations, secs. 541 and 542. *Legal-
ity of act:* 98 Cal. 578; 33 Pac. 492; 21 L. R. A. 233; 103
Cal. 357; 150 Pac. 1012.

*Messrs. C. N. Sapp, Frank G. Tompkins* and *B. L. Abney,*
for respondents, cite: *As to cumulative voting of stock:*
Const. 1895, art. IX, sec. 11; Civil Code, secs. 2787 and
2857; 23 Stats. 715; Conyngton Corporate Management 49;
2 Cook Corp. (7th ed.), secs. 609a and 622, p. 1779. *Effect
of surprise, fraud or deception on election:* Conyngton Cor-
porate Management, 104; 55 Barber (N. Y.) 344; 7 Abb.
Pr. (N. S.) 265; 38 How. Pr. 228; 36 How. Pr. 105; 258
Ill. 523; 101 N. E. 949; 76 N. H. 351; Ann Cas. 1913a, 366;
82 Atl. 1014; 86 Vt. 282; 84 Atl. 1017; 154 Ky. 444; 157
S. W. 727; 14 Ann. Cas. 935; 21 Ann. Cas. 1287; 56 Am.
St. Rep. 119; 10 Cyc. 345. *Right of majority to form
voting agreement:* 2 Cook Corp. (7th ed.), secs. 609a and
622a, pp. 1782 and 1833; 166 Fed. 82. *Stockholders must
exhaust remedies within the corporation:* 39 S. C. 52; 48
S. C. 83; 53 S. C. 519; 60 S. C. 185; 66 S. C. 101; 97 Miss.
599; Ann. Cas. 1912a, 1254, 1257, note. *Powers of stock-
holders:* Civil Code, secs. 2784 and 2792. *Unlawful con-
spiracy:* 217 U. S. 433; 234 U. S. 600; 221 U. S. 439.
*Duty to speak estoppel:* Broom's Legal Maxims (8th ed.)
242.

*Messrs. Williams & Williams* and *Grier, Park & Nichol-
son,* in reply, for petitioners.

*Messrs. C. N. Sapp, Frank G. Tompkins* and *B. L. Abney,* in reply, for respondents, cite: *As to estoppel by conduct:* Broom's Legal Maxims (8th ed.) 242; 1 N. D. 434; 48 N. W. 347; Am. & Eng. Ann. Cas. 1912c, 1267; 56 L. R. A. 947; Ann. Cas. 1915a, 1133; Cook Corp. (7th ed.), sec. 622a, p. 1833; 14 Ann. Cas. 934; 31 L. R. A. 557; 135 U. S. 507; 103 Cal. 357; 202 Ill. 312.

October 28, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The Lancaster Publishing Company is a domestic corporation, with 100 shares of stock. At first the company made money, and then it did not. At the stockholders' meeting on the 7th of April, 1916, two factions appeared, which we will refer to as the majority and the minority factions.

Much testimony has been taken that in the view of this Court is wholly unnecessary and irrelevant. The undisputed facts are as follows: On the 7th of April, 1916, there was held a meeting of the stockholders, and at this meeting 96 shares were represented in person or by proxy. (There is a question as to the right to vote some shares, but in the view taken by this Court, the question is immaterial.) The majority stockholders had 57 shares, and the minority 39 shares. A motion was made and carried to elect seven directors. Up to that time there had been five directors. The majority voted for seven directors and the minority, by cumulating their votes on four directors, secured a majority of the directors on the face of the tabulation by the teller. The chairman of the meeting refused to declare the election of these four, and declared the election void. The teller announced the vote. The minority faction, including the teller, withdrew from the meeting, and the teller, who was

also secretary of the meeting, took with him the minutes he had taken, and also the ballots. The majority who represented a majority of the stock remained and held another election, in which they elected four of the majority and three of the minority as directors. Another meeting of the stockholders was called, at which only one of the minority was present, and a protest was filed as to the proceedings of the majority. The majority held another election on the 15th of April (immaterial here). The four who received the largest vote in the first balloting, on April 7th, met and organized as a board and demanded the possession of the physical property of the corporation. This was refused, and this proceeding was taken to get possession of the corporate property.

The first and only question to be determined in this case is: Have the relators shown that they are the legal directors and entitled to the property of the corporation? The minority left the meeting before it adjourned. After they withdrew a majority of the stockholders being present the corporation proceeded to reconsider the action by which the seven directors were elected and elected a new board of directors. The corporation had no constitution or by-laws to restrain it, and it had a perfect right to reconsider its action before adjournment and elect a new board of directors. The relators are not a majority of the new board of directors, and are not entitled to the possession of the corporate property.

The writ is refused, and the proceedings dismissed.

A petition for rehearing being filed on

·November 15, 1915. The following order was made

PER CURIAM. In the opinion filed in this cause the Court concluded that at the annual meeting of stockholders of the

Lancaster Publishing Company held on April 7, 1916, for the purpose of electing directors of the corporation, three of the relators, to wit, LeRoy Springs, Chas. D. Jones, and Ira B. Jones, were duly elected directors of the corporation, along with W. T. Gregory, A. J. Gregory, Luther Ellison, and R. E. Wylie, and that the three first named are entitled to their offices as directors. But the judgment of the Court was that the petition be dismissed. It 'has been made clear by the petition for a rehearing that the judgment pronounced by the Court is not in conformity to the conclusion reached by the Court as above stated. Having concluded that the above named relators were duly elected, and are entitled to their offices, and it having appeared that they were excluded from exercising the duties of their offices by the respondents, the judgment should have been in accordance with these conclusions; and, therefore, the judgment of this Court is re-formed so as to read as follows:

The judgment of this Court is that the relators, LeRoy Springs, Charles D. Jones, and Ira B. Jones, are directors of the Lancaster Publishing Company, and as such are entitled to exercise the duties of said office, along with the other directors named; and it is so ordered.