HARRISON L. VOGEL, PROSECUTOR, v. WILLIAM J. PAR-KER, CLERK OF THE BOROUGH OF FAIR LAWN, BER-GEN COUNTY, NEW JERSEY, DEFENDANT.

Argued May 4, 1937—Decided July 24, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *John D. Masterton.*

For the defendant, *Charles F. Black* (*George C. Felter, Jr.*, of counsel).

The opinion of the court was delivered by

HEHER, J. The ordinance under review provided for the purchase of a fire engine and equipment, at an estimated cost of $7,000, and the issuance of bond anticipation notes "for the temporary financing of said purchase" (pending the authorization of permanent bonds), under the provisions of

chapter 77 of the laws of 1935 (*Pamph. L., p.* 186); and the decisive question is whether the statutory prerequisites to passage of the measure over the mayor's veto were met.

At a regular meeting of the mayor and council of the borough of Fair Lawn, held on November 24th, 1936, the ordinance was introduced, passed on first reading, and ordered published, with notice of a public hearing thereon and its consideration for final passage at a meeting to be held on December 8th ensuing. There was compliance with the direction for public notice; and at the time so fixed, after hearing had, the measure was given second and third readings and final passage. The meeting was then formally adjourned to December 16th. At the meeting held on the latter day, pursuant to the adjournment, the mayor submitted his veto, whereupon the measure was passed over the veto; and the sole attack now made upon the proceedings is that the measure was passed over the veto at a "continuation" of the meeting of December 8th, and not at the "next meeting" of the council within the intendment of section 27 of the general act relating to boroughs (Revision of 1897). 1 *Comp. Stat.* 1910, *pp.* 223, 238.

The point is well made. By section 209 of the statute granting the power exercised in the instant case (chapter 77 of the laws of 1935, *supra*), the legislature has plainly evinced a purpose to make no distinction, in respect of the time for the third reading and final passage of such a measure, between a meeting held pursuant to an adjournment of one previously called and a subsequent independent meeting. By express authority, the power may be exercised at an "adjourned meeting." It is provided that the proposed ordinance or resolution may be made the subject of a public hearing and final passage at "another meeting or an adjourned meeting, or at any time and place to which such meeting or further consideration shall from time to time be adjourned." The only requirements are that ten days must elapse between the meeting at which the ordinance is introduced and passed on first reading and the advertised meeting for its consideration on final passage, and one week between the publication and the last mentioned meeting.

Section 212 does not lay down the procedure for passage of the ordinance over the mayor's veto. It merely provides that, where the approval of any officer of the municipality is a prerequisite, it "shall be so approved or passed over veto before" publication after "final passage." Section 26 of the Borough act of 1897, *supra,* as amended by chapter 80 of the laws of 1931 (*Pamph. L., p.* 139), ordains that "the procedure to be followed with respect to the passage and publication" of an ordinance shall be "as specifically set forth" in the Home Rule act of 1917. *Pamph. L., p.* 319. Article X, section 1, of the latter statute (*Pamph. L.* 1917, *p.* 345), as amended by chapter 287 of the laws of 1929 (*Pamph. L., p.* 674), defines "ordinance," for the purposes of the statute, as "an act or regulation of the governing body" of the municipality "which must be reduced to writing and be read at more than one meeting thereof and published," while the term "resolution," as therein used, "means an act or regulation of the governing body which must be reduced to writing, but which may be finally passed at the meeting at which it is introduced." The Home Rule act makes no provision for action upon a veto.

Thus it is that the provisions of section 27 of the Borough act of 1897, *supra,* govern in the passage of the rejected measure over the veto. And that section directs that the governing body's action on the veto shall be taken at "their next meeting." The cases of *Staates* v. *Borough of Washington,* 44 *N. J. L.* 605; *Flood* v. *Atlantic City,* 63 *Id.* 530, and *Stiles* v. *Lambertville,* 73 *Id.* 90, enunciate the rule that an adjourned meeting of either a stated or special meeting is "a continuation of the same meeting, and at such adjourned meeting the council may do any act which might have been done if no adjournment had taken place," and that, *e converso,* the limitations imposed upon the governing body as regards action at the original meeting obtain at the adjourned meeting. The principle was reaffirmed in *Green* v. *Irvington,* 81 *Id.* 723; *Collins* v. *Sauer,* 89 *Id.* 139; *Watson* v. *New Brunswick,* 79 *Id.* 216, and *Rutgers College Athletic Association* v. *New Brunswick,* 55 *Id.* 279.

While section 26 of the Borough act of 1897, *supra,* prescribed that all ordinances shall be "submitted in writing at a *regular* meeting" of the governing body, "and passed at a subsequent *regular* meeting," the amendment adverted to provides that all ordinances shall be submitted in writing "at a meeting of the council and passed at a subsequent meeting;" and it is argued that this demonstrates a legislative purpose to permit of the taking of the action under review at any meeting, whether it be classed as "regular," "adjourned" or "special." Section 23 of the Borough act of 1897, as amended by chapter 33 of the laws of 1935 (*Pamph. L., p.* 80), gives recognition to these three classes of meetings.

We cannot countenance the argument thus made. This phraseological change, considered in the light of the doctrine laid down in the cited cases, does not mitigate the force of the term "next meeting" contained in section 27 of the Borough act, *supra,* whether the prior meeting be classed as "regular," "adjourned," or "special." It connotes a new meeting. An adjourned meeting is merely a continuation of a previous meeting. As pointed out, the Home Rule act defines the term "ordinance" as a municipal act or regulation required to be read "at more than *one meeting*" of the governing body; while a resolution may be finally passed "at the meeting at which it is introduced." The course of legislation is significant of a legislative acquiescence in the judicial interpretation embodied in the cited cases; and we are not at liberty to depart from it. Moreover, the amendment of section 26 of the Borough act, *supra,* does not relate to the proceedings subsequent to a veto.

The purported ordinance is accordingly vacated, with costs.