James C. O’Brien, J.
Plaintiffs own and reside on property in defendant City of Geneva. In December, 1953, the city enacted a new zoning ordinance (hereinafter referred to as the “ 1953 ordinance ”), which altered the boundaries of the use district in which plaintiffs reside and changed the uses of property permitted in that district. Plaintiffs contend that this ordinance is invalid and should be struck down.
The first ground of attack is that defendant was required to and did not give public notice and hold a hearing on the proposed changes made by the 1953 ordinance.
Prior to the enactment of the 1953 ordinance there was in effect in the city, a zoning ordinance enacted in 1930 (hereinafter referred to as the “ 1930 ordinance ”), and this ordinance, as from time to time amended, was in effect up to December 30, 1953, at which time the common council of the City of Geneva purported to enact the 1953 ordinance which would repeal the 1930 ordinance.
Defendant correctly points to subdivisions 24 and 25 of Section 20 of the General City Law, as the source of the power by the Legislature delegated to the city to enact a zoning ordinance. Defendant also calls attention to the fact that in that section there is no requirement that public notice be given or a public hearing held. Nevertheless section 83 of the General City Law, which became effective in the year 1920 (approximately three years after the effective date of subdivisions 24 and 25 of section 20, previously referred to) provided that the common council of a city may ‘ ‘ after public notice and hearing * * * amend, supplement or change the regulations and districts established under any ordinance adopted pursuant to paragraphs twenty-four and twenty-five of section twenty of this chapter.” (Italics supplied.)
Section 83 of the General City Law must be read in connection with subdivisions 24 and 25 of section 20, and consideration must be given to section 83 as well as to section 20.
*809 In Hennessy v. Walker (279 N. Y. 94, 99) it is said: “ In construing a particular statute, the courts must take into consideration all commands of the Legislature relating to the same subject-matter ” (see, also, to the same effect, Seligman v. Friedlander, 199 N. Y. 373, and Betz v. Horr, 276 N. Y. 83, 88).
We accordingly conclude that if the ordinance of 1953 amends, supplements or changes the regulations and districts established under the 1930 ordinance, as amended, section 83 of the General City Law necessarily applies. (Rohlman v. City of Yonkers, 275 App. Div. 842; Lo Cascio v. Kristensen, 280 App. Div. 835; Homefield Assn. of Yonkers, N. Y., v. Frank, 273 App. Div. 788, affd. 298 N. Y. 524.)
In form the 1953 ordinance did not purport to aménd the 1930 ordinance. In fact it rescinded the 1930 ordinance completely and in a comprehensive and city-wide fashion established new districts and new uses in various of the districts and new boundaries for the districts throughout the whole city. While the 1953 ordinance, therefore, was not an amendment of the 1930 ordinance, it certainly purported to amend and change both regulations and districts established under the 1930 ordinance and, accordingly, section 83 of the General City Law applies.
Any zoning ordinance, including the 1953 enactment, is derogatory of the rights of owners under common law. Accordingly the procedure laid down by the Legislature for the enactment or change of any zoning regulations or ordinance must be complied with. (Merritt v. Village of Portchester, 71 N. Y. 309; Village of Williston Park v. Israel, 191 Misc. 6, 8, affd. 276 App. Div. 968, affd. 301 N. Y. 713.) Concededly there was adequate notice for, and a public hearing held on December 8, 1953. This notice fairly and adequately informed the public that the municipal authorities proposed to enact a new zoning ordinance which was then or later available for examination. The classification of the property with which we are concerned in this lawsuit, and in which the plaintiffs are interested, was in that proposed ordinance listed as “ multiple residence ”, a residential classification. Apparently the plaintiffs had no objection to such ordinance.
Without any further formal notice or public hearing on the matter, at a special meeting of the common council on December 17,1953, the zoning ordinance proposed at the public hearing on December 8th was further considered and drastically and extensively amended in that the section of the city in which the plaintiffs own property and where they reside was changed from a residential classification to a “ highway users’ use” district. The uses permitted in this district include gasoline *810 service stations and a number of other trades and industries which plaintiffs find objectionable and concerning which objection they claim they had no opportunity to be heard. Where such a substantial change is made subsequent to the public hearing and without any further notice or hearing the resulting enactment is invalid. (Village of Mill Neck v. Nolan, 233 App. Div. 248, affd. 259 N. Y. 596; Matter of Estabrook v. Chamberlain, 240 App. Div. 899; Matter of Schierloh v. Wood, 230 App. Div. 788.)
Defendant urges that plaintiffs have not been prejudiced by the failure of the defendant to give formal notice of a public hearing to consider the changes proposed on December 17th, by reason of the fact that one of the plaintiffs was present at the meeting on December 17th, at which there was proposed the amendment to the ordinance of which plaintiffs now complain. Also it appears that there were several news items in a Geneva newspaper concerning the ordinance which, so defendant contends, were sufficient to inform the plaintiffs of what was going on.
I have concluded that the plaintiffs were not in fact aware, prior to December 30, 1953, that any proposal for a highway users’ use district amendment was contemplated and further that informal notice given by word of mouth or by a news article in a journal is not an adequate substitute for the formal public notice which the Legislature requires to be given by section 83 of the General City Law. Since the ordinance was not adopted in conformity with the requirements of the statute, it is void.
The plaintiffs’ first objection having been sustained, we feel that it is not necessary to consider the other objections which they raise.
This is my decision made and filed in compliance with section 440 of the Civil Practice Act. A decree may be presented for signature by plaintiffs’ attorneys. It should be approved as to form by counsel for the defendant. If such approval cannot be secured the form of decree may be settled on five days’ written notice.