Edward M. O’Gorman, J.
The plaintiffs are the owners of property in the vicinity of a tract of land on which it is proposed to construct a multiple dwelling containing 25 residential units. A corporation known as Turnkey Proposals, Inc. has an option to purchase the land on which the dwelling is to be constructed by Metrohouse Construction, Inc. Upon completion of the construction in accordance with its specifications, the Port Jervis Public Housing Authority has agreed to take over the project so that it may be devoted to the purposes of a Federally funded low income housing project.
By consent, the aforesaid Turnkey Proposals, Inc., Metro-house Construction, Inc. and Port Jervis Housing Authority have been added as additional parties defendant in this action.
The complaint seeks a permanent injunction restraining the proposed construction of the said multiple dwelling, on the ground that the proposed site plan thereof does not conform to the requirements of the zoning ordinance of the City of Port Jervis as it existed prior to July 14, 1976. It is the contention of the plaintiffs that the recent purported amendment of the aforesaid zoning ordinance, which would permit the construe *1087 tian of the dwelling in accordance with the plans proposed, is invalid. Plaintiffs, by this motion, seek a temporary injunction restraining said construction pending the determination of plaintiffs’ right to the relief sought in the complaint.
An application was originally made by Metrohouse Construction, Inc. to the Planning Board of the City of Port Jervis for approval of the site plan of the proposed housing project. The Planning Board refused to approve the provision made in the site plan for parking area for the occupants of said project, and raised other objections which were ultimately satisfied and play no part in this action.
It is conceded that the number of parking spaces provided in the said plan was less than required by the zoning ordinance, and it is further agreed that there was not adequate additional area available to enlarge the parking area to conform to the ordinance. An application for a variance of the parking area requirement was thereafter made to the Board of Zoning Appeals of the City of Port Jervis, which application was denied by that board on April 6, 1976.
Subsequent to the action of the Board of Zoning Appeals, the Common Council of the City of Port Jervis, on its own motion, adopted a local law amending the Port Jervis zoning ordinance to permit smaller parking area requirements for projects similar to the one presently before the court. This local law amending the ordinance was adopted on June 7, 1976, and a public hearing thereon was conducted on July 6, 1976, after which the proposed amendment was signed into law by the mayor of the city on July 14, 1976. The defendants contend that this amendment to the zoning ordinance was valid, having been enacted in accordance with section 20 of the Municipal Home Rule Law.
The power of the City of Port Jervis to adopt zoning regulations is conferred by subdivisions 24 and 25 of section 20 of the General City Law. It would seem also that by virtue of the provisions of section 10 of the Municipal Home Rule Law, a city may enact a zoning ordinance by local law so long as all the requirements of section 20 of the Municipal Home Rule Law are complied with (see Anderson, NY Zoning, § 4.01; 1966 Atty Gen [Inf opns] 76). The adoption of a zoning ordinance by local law is not inconsistent with other Statewide legislation. However, the power of the City of Port Jervis to amend a zoning law is derived from section 83 of the General City Law. (See Elkind v City of New Rochelle, 5 Misc 2d 296; Shefler v *1088 City of Geneva, 1 Misc 2d 807; Rohlman v City of Yonkers, 275 App Div 842.) This section provides in part: "The common council may from time to time on its own motion or on petition, after public notice and hearing, which hearing may be held by the council or by a committee of the council * * * amend, supplement, repeal or change the regulations and districts established under any ordinance adopted pursuant to paragraphs [subdivisions] twenty-four and twenty-five of section twenty of this chapter.”
This law being applicable to all cities, a valid amendment to the Port Jervis zoning ordinance could only be adopted by its common council after compliance with the provisions of section 83 of the General City Law, which, among other things, requires that there be a public hearing on the proposed amendment prior to the adoption of the amendment by the Common Council. The distinction has been stated as follows: "The enabling statutes applicable to cities impose no notice and hearing requirements which apply to the initial adoption of a zoning ordinance, but such an ordinance may be amended, supplemented, changed, or repealed only after public notice and hearing.” (Anderson, NY Zoning, § 4.11.)
In the case at bar, the local law amending the zoning ordinance of the City of Port Jervis was adopted before the public hearing thereon, and not subsequent thereto as required by section 83.
For the foregoing reasons, the proposed amendment of the zoning ordinance of the City of Port Jervis adopted by the Common Council on June 7, 1976 must be declared invalid because of the failure to hold a prior public hearing in accordance with the requirements of section 83 of the General City Law.
In view of the fact that no review has been sought of the decision of the Board of Zoning Appeals denying the variance originally sought herein, this court is without jurisdiction to pass on the merits of said variance, and the motion for a temporary injunction herein will be granted.