## Joseph Kalakowski, et al. v. Town of Clarendon

[431 A.2d 478]

No. 317-79

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed April 30, 1981

*Robinson E. Keyes* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Plaintiffs.

*Corsones & Hansen*, Rutland, for Defendant.

Hill, J. This dispute arises out of opposition to amendments to the Clarendon zoning bylaws changing the permitted uses of property in the neighborhood where plaintiffs reside.

Clarendon voters acted upon the zoning amendments three times in 1978 and 1979. The proposals were defeated at the annual town meeting on March 6, 7, 1978. Then, at a special town meeting on May 22, 23, 1978, voters approved the amendments by more than the required two-thirds vote. See 24 V.S.A. § 4404(d). Following that vote, plaintiffs instituted civil action against the town in Rutland Superior Court

challenging the adoption of the amendments on procedural grounds. While that action was pending, voters again approved the amendments by the required margin at a special town meeting on January 30, 1979. Plaintiffs also challenged that vote in a civil action.

Agreed statements of fact were filed and the two cases were consolidated. After issuing findings and conclusions, the court granted Clarendon's motion for summary judgment. Plaintiffs' subsequent motion for amendment of judgment was denied without a hearing. Plaintiffs appeal from both the final judgment and denial of the motion to amend the judgment.

## I.

Title 24 dictates the procedures to be followed for adoption, amendment or repeal of development plan bylaws. A three-stage process involving the planning commission, selectmen and voters is contemplated for "rural towns" like Clarendon, see 24 V.S.A. § 4303(10).

A zoning change is introduced at the planning commission stage. 24 V.S.A. § 4403(a). The commission must hold at least one duly noticed public hearing on the proposal. 24 V.S.A. § 4403(b). Thereafter, the commission makes revisions, transmits the edited proposals to the selectmen and files a copy with the town clerk for public inspection. *Id.*

24 V.S.A. § 4404(a) dictates the procedure to be followed at the selectmen stage. There, one or more public hearings must be held on the zoning proposal between thirty and ninety days after the amendments are received from the planning commission. Copies also must be sent to the planning commission of surrounding towns, the regional planning commission and to the agency of development and community affairs.

Selectmen are given the responsibility for drafting the actual proposal to be acted upon by the voters at the third stage of the process. Approval or rejection is decided by Australian ballot at a regular or special town meeting. 24 V.S.A. § 4404(c). While a majority vote usually is sufficient for approval of an initial or original bylaw, 24 V.S.A. § 4404(c)(1), a two-thirds vote may be required for an amendment or revision in a rural town if a written protest against the amendment or revision is signed by at least two per cent

of a town's legal voters and is filed with the selectmen before the vote, 24 V.S.A. § 4404(d)(1).

Along with the various hearing, notice and filing requirements in Title 24, Title 17 elucidates the requirements for warning and holding annual or special meetings. Plaintiffs' challenge focuses on three requirements found in these two titles: that the selectmen hold a final public hearing before voter action is taken, 24 V.S.A. § 4404(a); that there be adequate public notice of a final hearing, 24 V.S.A. § 4447; and that there be proper warnings of upcoming votes, as demanded in 24 V.S.A. § 706(a) and 17 V.S.A. § 2661.

## II.

An examination into the validity of the procedures underlying this complex scenario must be preceded by a caveat involving the statutory requirements. The state delegates authority to the towns to adopt zoning regulations. *Thompson v. Smith,* 119 Vt. 488, 498–99, 129 A.2d 638, 645 (1957). The parties dispute whether the Legislature expects strict or substantial compliance with the procedures for adopting, revising and modifying zoning bylaws. Because zoning ordinances are in derogation of common law property rights, this Court insists upon strict compliance with the established procedures. *Town of Waterford* v. *Pike Industries, Inc.,* 135 Vt. 193, 195, 373 A.2d 528, 530 (1977); *Town of Milton* v. *LeClaire,* 129 Vt. 495, 499, 282 A.2d 834, 836 (1971); *Corcoran* v. *Village of Bennington,* 128 Vt. 482, 493, 266 A.2d 457, 465 (1970). We reiterate that standard.

## III.

On March 2, 1976, the town of Clarendon adopted a zoning bylaw, the validity of which is not challenged, designating the district in which plaintiffs' property is located for "commercial and residential" use. In 1977, the town planning commission prepared amendments, revisions and additions to the 1976 zoning bylaws, held hearings, and transmitted the proposals to the selectmen and town clerk, as required by Title 24. The plan would have the effect of changing plaintiffs' district to "commercial and industrial" use.

A duly noticed public hearing was held by the selectmen on January 3, 1978, regarding the proposals. The parties agree

that, following the meeting, the selectmen made changes of substance. The new proposal was warned and then presented to Clarendon voters at the annual town meeting on March 6, 7, 1978. The parties dispute whether the notice followed 24 V.S.A. § 4447 requirements. As stated above, two per cent of the town's legal voters, pursuant to 24 V.S.A. § 4404(d), filed a written protest to the proposals, thereby requiring two-thirds approval before adoption. On March 7, the proposals received less than the requisite support.

Following the March 7 vote, the selectmen, upon receipt of a petition to rescind and reconsider certain sections of the proposed bylaws, scheduled and warned a special town meeting for March 22, 23, pursuant to 24 V.S.A. § 707. The selectmen, in addition to directing reconsideration of the sections cited in the petition, added two new provisions for action.

The parties agree there were no public hearings on the petition between March 7, 1978, and May 22, 1978. On May 23, the voters adopted all the proposals by the required margin.

Plaintiffs instituted civil action to have the zoning amendments declared invalid.

We need deal with only one aspect of plaintiffs' challenge to the May 23 vote. The state, in delegating power to the towns to enact zoning regulations, attempted to assure closer attention to local needs. "The courts allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution." *Schwartz* v. *Town Planning & Zoning Commission*, 168 Conn. 285, 292, 362 A.2d 1378, 1382 (1975). The intricate procedural scheme, created with an eye towards that goal, seeks to involve both local government and citizens. The required warnings, notice and public hearings are integral to that process. 24 V.S.A. § 4404(a) demands that at least one public hearing held by the selectmen after the planning commission has submitted its proposed amendments precede final action on a zoning recommendation so that local government officials can revise proposals to meet the people's expressed desires. See 1 R. Anderson, American Law of Zoning 2d § 4.15, at 211–12 (1976).

While the selectmen in this case held a public hearing

on the initial proposals, that government body subsequently made substantial changes in them. If another public hearing were required, the May 23 adoption is invalid. See *Corcoran v. Village of Bennington, supra; Flanders Lumber & Building Supply Co.* v. *Town of Milton,* 128 Vt. 38, 258 A.2d 804 (1969).

Courts generally distinguish between substantial and insubstantial changes made following a public hearing to determine whether subsequent enactment without an additional hearing is valid. See *Shefler* v. *City of Geneva,* 1 Misc. 2d 807, 810, 147 N.Y.S.2d 400 (Sup. Ct. 1956) ("Where such a substantial change is made subsequent to the public hearing and without any further notice or hearing the resulting enactment is invalid."). The North Carolina Supreme Court elucidated the analysis: "Ordinarily, if the ordinance or amendment as finally adopted contains alterations substantially different (amounting to a new proposal) from those originally advertised and heard, there must be additional notice and opportunity for additional hearing. However, no further notice or hearing is required after a properly advertised and properly conducted public hearing when the alteration of the initial proposal is insubstantial." *Heaton* v. *City of Charlotte,* 277 N.C. 506, 518, 178 S.E.2d 352, 359 (1971).

In the case at bar, not only did the selectmen in effect add two new provisions to the bylaw amendments, but the parties agreed in stipulated facts that the selectmen's changes were "substantial."

■ Inherent in our decision that the May 23 vote is invalid lies the conclusion that the town meeting of May 22 does not satisfy the public hearing requirement of 24 V.S.A. § 4404(a). Whereas the § 4404(a) public hearing is meant to inform the selectmen of public sentiment so that they are able to alter proposals, a special town meeting is directed towards allowing a time for citizens to debate all town business before a vote is taken. While the former meeting is an aspect of the scheme created to shape proposals to the public interest, the latter is geared towards assuring an informed vote. Further, the first day of an annual town or special meeting cannot serve as a § 4404(a) public hearing for votes taken the next day. Not only is there insufficient time for the

selectmen to restructure proposals, but a meeting adjourned one day until the next is legally considered to be one meeting. See *Vogel* v. *Parker,* 118 N.J.L. 521, 193 A. 817, 818 (1937). As such, we hold that the May 23 vote is invalid for lack of a public hearing as required in 24 V.S.A. § 4404(a). Consequently, as of that date the plaintiffs' district had not been changed from "commercial and residential" use to "commercial and industrial."

## IV.

Our decision concerning the May 23 adoption, however, does not dispose of this case.

On January 30, 1979, the voters of Clarendon again acted upon "amendments, revisions and additions" to the town's zoning bylaws. The proposals were all either identical to or substantially the same in wording as the proposals approved May 23. The parties agree that there were no substantial changes made in the amendments previously considered. The voters again approved the plan by the required margin.

■ The parties do not dispute that all Title 24 procedural steps were followed before the January 30 vote. The plaintiffs, however, challenge the action on the grounds, in effect, that the May 23 vote irregularities tainted the January 30 action. More specifically, plaintiffs claim that the warning for the January 30 meeting violated the dictates of 17 V.S.A. § 2661. 17 V.S.A. § 2661(a) reads:

> A warned article voted on at an annual or special meeting of a municipality shall not be submitted to the voters for reconsideration or rescission [except] at a subsequent annual or special meeting duly warned for the purpose
> . . . .

The warning for January 30 called for a special meeting "to discuss the proposed amendments to the Clarendon zoning regulations hereinafter specified. . . ."

Plaintiffs claim that because at the time of the January 30 vote the May 23 voter approval had not been rescinded either by court action or a subsequent vote, the warning for the January 30 meeting should have called for a reconsideration or rescission of the May 23 vote, pursuant to 17 V.S.A. § 2661

and 24 V.S.A. § 4404(c)(1). Without that warning, plaintiffs argue, the January 30 vote was ineffective and void.

Defendant argues the validity of the January 30 vote, explaining that the repetitive action was aimed towards curing any defects which may have threatened the validity of the previous vote.

The legality of the January 30 action hinges upon whether the May 23 vote was void ab initio or whether it was merely voidable and thus remained the law of Clarendon until our action today. If the action were void because of the procedural defects, the warning for the January 30 meeting did not have to call for reconsideration or rescission because there was, in effect, nothing to re-evaluate. If the May 23 proposal remained the law until court action withdrew it, then the January 30 vote would have been for the purpose of action upon that law, and the warning would duly have had to note that fact.

The theory underlying plaintiffs' argument resembles an argument presented in *Paramount Rock Co.* v. *County of San Diego*, 180 Cal. App. 2d 217, 4 Cal. Rptr. 317, 328 (1960), wherein petitioners claimed that an invalid ordinance was valid for the purpose of preempting a field of legislation in order to invalidate a subsequent ordinance. That argument met with the court concluding that, while ingenious, the argument was legally unsupportable. *Id.* The May 23 action, as plaintiffs argue, was invalid and void. See *Shefler, supra*. It was of no effect, see Black's Law Dictionary 1411 (5th ed. 1979), and therefore did not need to be rescinded or reconsidered by voter action before a replacement proposal could be approved. We need not address the issue whether, had the May 23 action been valid, the January 30 vote could have been viewed as an implicit revision. The warning was proper, and the zoning bylaws approved January 30 have been properly adopted.

## V.

Plaintiffs' final argument involves a motion for amendment of judgment, pursuant to V.R.C.P. 59. The lower court judge denied plaintiffs' motion without hearing arguments. While we generally favor hearings on V.R.C.P. 59 motions, *Gardner* v. *Town of Ludlow*, 135 Vt. 87, 92, 369 A.2d 1382, 1385 (1977), this case did not demand such treatment.

The court was presented with agreed statements of facts and memoranda; there were no hearings on the merits of the case per agreement by the parties. Nothing new was presented in plaintiffs' motion. The rule does not demand a hearing on the merits. Plaintiffs have failed to indicate how they were prejudiced by the court's unwillingness to hold hearings or to show that the court abused its discretionary power. See *id.*

*Affirmed.*