STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 21-2-18 Vtec

---

PLH, LLC v Town of Bennington et al

---

## ENTRY REGARDING MOTION

Count 1, Municipal Other Civil Action (21-2-18 Vtec)
Count 2, Municipal Other Civil Action (21-2-18 Vtec)

Title:          Motion to Dismiss Appeal & Complaint (Motion 1)

Filer:          Town of Bennington

Attorney:       Merrill E. Bent

Filed Date:     March 12, 2018

Response in Opposition filed on 03/28/2018 by Attorney David M. Pocius for party 2 Co-counsel

Reply to Opposition filed on 04/06/2018 by Attorney Merrill E. Bent for Defendant Town of
      Bennington

**The motion is GRANTED.**

Title:          Motion for Costs and Fees and to Stay  (Motion 2)

Filer:          Town of Bennington

Attorney:       Merrill E. Bent

Filed Date:     March 28, 2018

Response in Opposition filed on 04/16/2018 by Attorney David M. Pocius for PLH LLC

Reply in Support filed on 05/04/2018 by Attorney Merrill E. Bent for Defendant Town of
      Bennington

**The motion is DENIED.**

In this matter, PLH LLC files a complaint against the Town of Bennington (Town) concerning the Town's adoption of the Bennington Town Plan Energy Element (Energy Amendment) which amends the Bennington Town Plan.  PLH LLC requests declaratory and injunctive relieve, seeks review of governmental action pursuant to V.R.C.P. Rule 75, alleges statutory violations for violations of 24 V.S.A. Chapter 117, and seeks damages.

PLH LLC is represented by David Pocius, Esq. and John Sartore, Esq. of Paul Frank + Collins P.C., and the Town is represented by Merrill E. Bent, Esq. of Woolmington, Campbell, Bernal & Bent, P.C.

## Standard of Review

The Town moves to dismiss this matter for "failure to state a claim upon which relief can be granted" pursuant to V.R.C.P. Rule 12(b)(6) and for lack of subject matter jurisdiction.

We grant a 12(b)(6) motion "only if 'it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief.'" Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420 (quoting Dernier v. Mortg. Network, Inc., 2013 VT 96, ¶ 23, 195 Vt. 113). "We assume as true all facts as pleaded in the complaint, accept as true all reasonable inferences derived therefrom, and assume as false all contravening assertions in the defendant's pleadings." Id.

The motion to dismiss also raises the question of subject matter jurisdiction. Where a party challenges the Court's subject matter jurisdiction, we accept "all uncontroverted factual allegations of the complaint" as true and construe those allegations in the "light most favorable to the nonmoving party." Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245 (citing Jordan v. State Agency of Transp., 166 Vt. 509, 511 (1997)).

## Background

On January 22, 2018, the Town Selectboard voted to enact the Bennington Town Plan Energy Amendment. On February 21, 2018, PLH LLC filed a complaint concerning the Energy Amendment with this Court. PLH LLC requests declaratory and injunctive relief, seeks review of governmental action pursuant to V.R.C.P. Rule 75, alleges a statutory violation for an alleged violation of 24 V.S.A. Chapter 117, and seeks damages.

Prior to this matter, on January 25, 2018, PLH LLC initiated a complaint in the Superior Court Civil Division, Chittenden County setting forth similar challenges to the Energy Amendment and more. The Town removed the matter to the United States District Court on February 26, 2018, and PLH LLC then dismissed the action on February 28, 2018.

In this matter, PLH LLC does not take issue with an act or decision of the Town's administrative officer or a Town municipal panel. PLH LLC challenges the adoption of the Energy Amendment generally with regard to the Town's compliance with statutory and constitutional requirements. Again, there is no "decision" on appeal; rather, PLH LLC challenges the Selectboard's adoption of the Energy Amendment.

## Discussion

In this action, PLH LLC challenges the validity of the Town's adoption of the Energy Amendment. There are several ways to raise such a challenge.

First, a party may challenge zoning regulations on constitutional grounds. A constitutional challenge can be a facial challenge, made on its own, without appealing a specific zoning decision. E.g. Hinsdale v. Vill. of Essex Junction, 153 Vt. 618, 627 (1990); Littlefield v. Town of Colchester, 150 Vt. 249, 250 (1988). The Civil Division has jurisdiction over such cases. 24 V.S.A. § 4472(b).

Alternatively, a party can present an as-applied constitutional challenge in the context of a case that already falls into the Environmental Division's jurisdiction, such as by appealing the denial or approval of a permit application. See, e.g., In re Appeal of JAM Golf, LLC, 2008 VT 110, ¶ 17, 185 Vt. 201. The Environmental Division has jurisdiction over these cases. 24 V.S.A. § 4472(b).

Next, a party may challenge a zoning ordinance by alleging that the ordinances were adopted in a manner that violated statutory requirements. When a party brings a standalone statutory challenge without also appealing specific zoning decisions they must do so before the Civil Division (formerly known as the Civil Court). E.g. Kalakowski v. Town of Clarendon, 139 Vt. 519, 521 (1981) (challenge brought in Superior (Civil) Court as a "civil action"); Smith v. Town of St. Johnsbury, 150 Vt. 351 (1988) (declaratory judgment action including standalone statutory and constitutional claims brought in the Superior (Civil) Court); Paynter v. Town of Pittsford Planning Comm'n, Selectboard, No. 2009-307 (Jan. 15, 2010) (unpub. mem.) (challenge brought in the Civil Division pursuant to V.R.C.P. Rule 75).[1]

A caveat applies to this scheme. If a zoning administrator makes a specific zoning decision, such as an approval or denial of a permit application, and a party fails to appeal that decision, the party is barred from collaterally attacking the finality of that decision by bringing a standalone statutory challenge, or an as-applied constitutional challenge, to the validity of the underlying zoning regulation. Galanes v. Town of Brattleboro, 136 Vt. 235, 237 (1978) (explaining

---

[1] We note that Paynter v. Town of Pittsford, in particular, illustrates the manner in which cases similar to the one now before us have been treated in the past. In that case, a plaintiff brought a standalone statutory challenge to the validity of zoning regulations in the Civil Division pursuant to V.R.C.P. Rule 75. Id. at *1. Shortly after filing this civil action, the same plaintiff filed an application for a permit under the same zoning regulations, his permit application was denied, and he followed the appeal process set out in 24 V.S.A. § 4472 to bring an as-applied statutory challenge in the Environmental Division. In re Paynter 2-Lot Subdivision, 2010 VT 28, ¶ 2, 187 Vt. 637 (mem.).

Treating standalone statutory challenges in this way is consistent with other situations where selectboard decisions are challenged in the Civil Division pursuant to Rule 75. See, e.g., Coutu v. Town of Cavendish, Vt. Transp. Bd. & Vt. Agency of Transp., 2011 VT 27, ¶ 12, 189 Vt. 336 (because there was no statutory right to direct appeal selectboard decision to withhold approval of helipad, an appeal under Rule 75 is exclusive remedy); Richards v. Town of Norwich, 169 Vt. 44, 47–48 (1999) (selectboard decision authorizing septic permit properly challenged through Rule 75); but see Dunnett v. Town of Ludlow Zoning Bd. of Adjustment, No. 2002-042, slip op. at *2 (Aug. 2002) (unpub. mem.) (holding that plaintiff could not bring a standalone statutory challenge to zoning regulations under Rule 75 because he did not have standing under exclusive remedy procedure pursuant to 24 V.S.A. § 4472(a)).

that, upon failure to appeal denial of a variance, the underlying zoning regulation cannot be challenged except on constitutional grounds); Hinsdale v. Vill. of Essex Junction, 153 Vt. 618, 627 (1990) (barring an as-applied constitutional challenge after party failed to appeal zoning decision).  The bar on collateral attacks is set out in 24 V.S.A. § 4472(d), which is triggered when a specific zoning decision is left unappealed.  See In re Burns Two-Unit Residential Bldg., 2016 VT 63, ¶ 16 (May 27, 2016) (explaining how § 4472(d) is triggered).  This caveat is partially addressed in the Civil Division's observation that after the enactment of 24 V.S.A. § 4472, a declaratory judgment action could only be brought by following the procedures set out in that statute, including the requirement to first appeal a zoning decision to the appropriate municipal panel. Gould v. Town of Monkton, No. 67-3-13 Ancv, slip op. 3–4 (Super. Ct. Civ. Div. Nov. 6, 2014) (Mello, J.) (citing Fisher v. Town of Marlboro, 131 Vt. 534, 534 (1973) (Fisher I)).

As with constitutional claims, a statutory claim can alternatively be raised in proceedings over which the Environmental Division already has jurisdiction, such as an appeal from a municipal panel's approval or denial of a permit application.  Paynter 2-Lot Subdivision, 2010 VT 28, ¶ 2.  The Environmental Division has jurisdiction over these statutory claims which are joined with proper Environmental Division appeals.  24 V.S.A. § 4472(a).

We note that standalone challenges to the validity of zoning regulations have been permitted subsequent to Fisher I.  See Kalakowski, 139 Vt. 519; Smith, 150 Vt. 351; Paynter, No. 2009-307.  At least one of these cases, Smith, was a declaratory judgment action.  150 Vt. at 352.

Fisher I may be distinguished from these standalone challenges because Fisher I began with the plaintiff filing a subdivision application which was not immediately approved.  Fisher v. Town of Marlboro, 132 Vt. 533, 533 (1974) (Fisher II).  Rather than attempting to secure approval for the application through the proper administrative process, plaintiff filed a separate declaratory judgment action in the Superior Court.  Id.  Fisher I was therefore not a standalone statutory challenge—rather, it was an impermissible collateral attack on the administrative zoning process below.  The outcome in Fisher I and Fisher II, and subsequent cases, is consistent with the principle that standalone statutory challenges may be brought directly to the Civil Division, unless a specific zoning decision is at issue, in which case the challenge can be joined with proper Environmental Division appeals.  Once a specific zoning decision has been made and left unappealed, such challenges are no longer standalone, but instead are treated as impermissible collateral attacks on the appeal process set out in 24 V.S.A. § 4472.

**Jurisdiction over PLH LLC's Claim**

Here, PHL LLC alleges that the Selectboard failed to follow statutory and constitutional requirements when it enacted the Energy Amendment. The complaint presents a standalone challenge, in that it is not based in any specific permit denial or zoning decision.

PLH LLC offers Gould as authority for the Environmental Division having jurisdiction over standalone challenges. See Gould v. Town of Monkton, 2016 VT 84, 202 Vt. 535.

While Mr. Gould originally filed his claim in the Civil Division, the Supreme Court held that his "statutory challenge is governed by 24 V.S.A. § 4472(a), and our case law concerning the effect of that statute is clear: suits that challenge the procedural enactment of municipal planning laws must be brought before the Environmental Division." Id., 2016 VT 84, ¶ 16 (citing Harvey v. Town of Waitsfield, 137 Vt. 80, 83 (1979), *overruled on other grounds by* Mohr v. Vill. of Manchester, 161 Vt. 562 (1993) and 24 V.S.A. § 4472(a)).

Section 4472(a) states that, apart from constitutional challenges to zoning regulations:

> [T]he exclusive remedy of an interested person with respect to any decision or act taken, or any failure to act, under [Chapter 117] . . . shall be the appeal to the appropriate panel under section 4465 of this title, and the appeal to the Environmental Division from an adverse decision upon such appeal under section 4471 of this title.

24 V.S.A. § 4472(a).

Section 4465, in turn, specifies that an "interested person may appeal any decision or act taken by the administrative officer in any municipality [to] the secretary of the board of adjustment or development review board . . . or with the clerk . . . if no such secretary has been elected," and goes on to define "interested person." 24 V.S.A. § 4465(a). Section 4471(a) states that "[a]n interested person who has participated in a municipal regulatory proceeding authorized under this title may appeal a decision rendered in that proceeding by an appropriate municipal panel to the Environmental Division." 24 V.S.A. § 4471(a).

In short, the plain language of this statutory scheme allows a party to appeal first to the appropriate municipal panel, and then allows a party to appeal the decision of that panel to the Environmental Division. Here, there has been no appeal to a municipal panel. Because we are only authorized to exercise jurisdiction over an appeal from a municipal panel decision under §§ 4465, 4471, and 4472, and there is no such decision here, we are unable to exercise jurisdiction over PLH LLC's appeal.

A selectboard is not listed in § 4465 as a municipal panel to which one may appeal an act or decision. Elsewhere, a selectboard is defined as an "appropriate municipal panel" only when

it acts as a "legislative body performing development review." 24 V.S.A. § 4303(3).  In the present action, the Selectboard was acting in its legislative capacity and adopting an amendment to the Town Plan.  Therefore, the Selectboard was not a "appropriate municipal panel" called for in §§ 4465, 4471, and 4472.

PLH LLC did not apply for a permit or approval so § 4472(a) was not triggered.  PLH LLC was therefore not foreclosed from bringing, and in fact did bring, a standalone statutory or constitutional challenge in the Civil Division.

As there is no specific permit denial or zoning decision under § 4465, and therefore no challenge to any adverse decision from that appropriate municipal panel to the Environmental Division under § 4471, we are unable to exercise jurisdiction under §§ 4471 and 4472(a).  Because the present matter is outside the scope of this Court's jurisdiction, we cannot provide declaratory relief requested by PLH LLC.  See 12 V.S.A. § 4711 (providing for Superior Courts with the power to provide declaratory judgement "within their jurisdictions.").  Nor is it within our authority to provide the preliminary injunction requested.  Therefore, the Town's motion to dismiss is **GRANTED**.  PLH LLC's complaint must therefore be **DISMISSED** for lack of subject matter jurisdiction pursuant to V.R.C.P. 12(h)(3).

**Motions for Transfer and Costs and Fees**

Even though we do not have jurisdiction, we must address PLH LLC's motion to transfer and the Town's motion seeking costs and attorneys' fees.  Any other motions are **DENIED AS MOOT**.

First, as to transfer.  With the restructuring and unification of the Vermont Judiciary in 2010, all of Vermont's trial courts were reconstituted as one Superior Court, with individual divisions entitled the Criminal, Civil, Family, Probate, and Environmental Divisions.  4 V.S.A. § 30(a)(1).

Petitioners' counsel correctly notes that "the transfer of cases between divisions" was anticipated in this restructuring process.  See 4 V.S.A. § 30(a)(2) ("The Supreme Court shall promulgate rules, subject to review by the Legislative Committee on Judicial Rules under 12 V.S.A. Chapter 1, which establish criteria for the transfer of cases between divisions.")

While the Supreme Court has not yet promulgated specific rules governing the transfer of cases from the Environmental Division, the Supreme Court itself directed that a case originally filed in the Family Division be transferred to the Civil Division.  See Gould v. Robinson, No. 2012-312 (Vt. Feb Term, 2013) (unpub. mem.) *available at* http://vermontjudiciary.org/sites/default/files/documents/eo12-312.pdf.    The Gould case

involved a request for relief from abuse filed by someone who was not a domestic partner or cohabitator with the alleged abuser. Thus, jurisdiction over such emergency abuse claims had once been (and remains) within the sole jurisdictional authority of the "superior court." Id. at 2; see also 12 V.S.A. § 5132(a). The Gould Court concluded that the Civil Division was the proper venue for this abuse claim and not the Family Division. The Court reasoned, however, that since authority to hear such claims now rests with the unified Superior Court, the Supreme Court directed that the claim be transferred to the Civil Division of the Superior Court and remanded the claim to that Division, so that it could properly address the claim. The question before us now is whether this Court may likewise transfer venue to a different division of the Superior Court when such transfer would be appropriate.

Decisions by a three-justice panel are not precedential, and while we believe that the Gould entry order provides helpful guidance considering a request for transfer, we believe that the facts in the matter at hand do not support granting a transfer. We note that the Vermont Rules of Environmental Court Procedure allow this Court to "make other orders that will promote expeditious and fair proceedings and avoid unnecessary costs or delay" when the same violation or project involves multiple proceedings before this Court or when different violations or projects share common issues of law and fact. V.R.E.C.P. 2(b). Although we generally rely on this provision in coordinating cases within our own docket, we believe that under the facts and circumstances of this case, it would be inappropriate to read Rule 2(b) as enabling us to transfer a case to another division as the interests of justice, jurisdictional constraints, and judicial economy are not realized.

In support of their motion to transfer, PLH LLC cites to University Mall, LLC, v. City of S. Burlington, in which the Environmental Division transferred an action to the Civil Division of the Superior Court after dismissing the matter for lack of subject matter jurisdiction. No. 102-8-12 Vtec, slip op. at 2-3 (Vt. Super. Ct. Envtl. Div. Jan. 29, 2013) (Durkin, J.). While University Mall accurately sets forth the standard for transferring cases within the Superior Court, it is factually distinct from the present matter. Most importantly, the petitioner in University Mall had not previously filed, and then voluntarily dismissed, a substantially similar case in the division it sought transfer to.

We see no justification to transfer this matter to the Civil Division. PLH LLC first brought an action in the Civil Division. That action contained claims arising out the same Energy Amendment and raised similar statutory and constitutional challenges to the amendment as presently raised in the present matter. Once the matter was removed to the Federal level, PLH

LLC then voluntarily dismissed the action. Because we can find no persuasive justification for transferring this matter back to a court that PLH LLC voluntarily abandoned, we decline to transfer the matter back.

We therefore **DENY** the motion for transfer.

In considering a request for reimbursement of fees and costs, Vermont prescribes to the American Rule. That is, each party is responsible for its own attorney's fees unless there is a statute or agreement between the parties authorizing an award of reimbursement of attorney's fees. See, e.g., Grice v. Vt. Elec. Power Co., 2008 VT 64, ¶ 29, 184 Vt. 132. Courts can deviate from the American rule "but 'only in exceptional cases and for dominating reasons of justice.'" See Monahan v. GMAC Mortg. Corp., 2005 VT 110, ¶ 76, 179 Vt. 167 (quoting Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 167 (1939)).

The Town additionally offers V.R.C.P. Rule 41(d) in support of their motion for costs and fees. Rule 41(d) states that:

> [i]f a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such an order for the payment of costs of the action dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

V.R.C.P Rule 41(d).[2]

An award of costs and fees under Rule 41(d) is discretionary and the Court may refuse to impose an award if "it appears there was a good reason for the dismissal of the prior action." Id. (citations omitted). Further, "the Court should not impose any costs associated with work that will still be useful to defendants in the instant litigation." Esquival v. Arau, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996).

We begin by noting PLH LLC's assertion that it dismissed the original action because it concluded the Civil Division did not have subject matter jurisdiction over the cause of action and the Environmental Division was the proper court. However, for the reasons set forth above, this conclusion was in error and, in fact, this Court lacks subject matter jurisdiction over the case.

---

[2] Federal law interpreting the federal rule, which the Vermont rule is substantially similar to, is split on the issue of whether attorney's fees may be recovered as a part of the costs set forth in Rule 41(d). Compare Horowitz v. 148 S. Emerson Assocs. LLC, 888 F.3d 13, 24 (2nd Cir. 2018) (concluding attorney's fees may be recovered under Rule 41(d)); Evans v. Safeway Stores, Inc., 623 F.2d 121, 122 (8th Cir. 1980) (reaching the same conclusion without much analysis); Meredith v. Stovall, 216 F.3d 1087 (10th Cir. 2000) (unpublished) (same); with Rogers v. Wal-Mart Stores, 230 F.3d 868, 874 (6th Cir. 2000) (concluding attorney's fees are never available under Rule 41(d)); and Portillo v. Cunningham, 872 F.3d 728, 738-39 (5th Cir. 2017) (concluding that attorneys' fees are generally not recoverable, with the exception of when the statute serving as the basis of the original suit allows for such an award); Andrews v. America's Living Ctrs., LLC, 827 F.3d 306, 309-12 (4th Cir. 2016) (same); Esposito v. Piatrowski, 223 F.3d 497, 501 (7th Cir. 2000) (same). However, for the reasons set forth above, we do not need to reach the issue of whether such fees can be recoverable under Rule 41(d).

Further, the present matter has only been pending in this Court for five months. While there was a prior compliant filed approximately one month before this action, this matter remains relatively new. Additionally, this case is still at the early stage of litigation and we are not aware of substantial discovery being conducted.

Because of PLH LLC's jurisdictional reasons for filing the present appeal, the procedural posture of the matter, and the overarching American Rule regarding the awards of costs and fees, we decline to impose such costs. Therefore, the Town's motion for costs and fees is **DENIED**.

## Conclusion

For the foregoing reasons, we **GRANT** the Town's motion to dismiss the matter and **DENY** the motions to transfer and for costs and fees. All other pending motions are **DENIED AS MOOT**.

This completes the matter before the Court.

So ordered.

**Electronically signed on July 11, 2018 at 10:02 AM pursuant to V.R.E.F. 7(d).**

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
John Thornton Sartore (ERN 2176), Attorney for Plaintiff PLH, LLC
Merrill E. Bent (ERN 5013), Attorney for Defendant Town of Bennington
Defendant Bennington Cty Regional Comm.
David M. Pocius (ERN 1492), Attorney for party 2 Co-counsel