In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3011

GERALD PAUL ESPOSITO,

Plaintiff-Appellant,

v.

FRANCIS PIATROWSKI, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 97-0296-DRH--David R. Herndon, Judge.

Submitted June 19, 2000--Decided August 4, 2000

Before Coffey, Easterbrook, and Evans, Circuit Judges.

COFFEY, Circuit Judge.  Gerald Paul Esposito
appeals the district court's dismissal of his
civil rights action brought pursuant to 42 U.S.C.
sec. 1983. Esposito/1 alleges that the
defendants, various nurses who worked in the St.
Clair County jail in Belleville, Illinois, while
he was confined in a pre-trial detainee status,
were deliberately indifferent to his serious
medical needs. Upon the recommendation of the
magistrate judge,/2 the district court dismissed
Esposito's claims against Francis Piatrowski
pursuant to Federal Rule of Civil Procedure 41(b)
on the ground of res judicata. The district court
later dismissed the remaining defendants pursuant
to Rule 41(b) for want of prosecution. We affirm.

In 1995, Esposito was incarcerated as a federal
pre-trial detainee at the St. Clair County jail.
While there, the plaintiff-appellant filed a
Section 1983 suit against three defendants,
including Piatrowski and Ron Smith (also a
nurse), alleging deliberate indifference to his
medical needs. Esposito voluntarily dismissed
Smith upon stipulation. The district court
thereafter granted Piatrowski's motion to dismiss
without prejudice, allowing Esposito two months
to file an amended complaint curing the
deficiencies in his original complaint. Esposito
never filed an amended complaint, and in January

1997, the district court modified the dismissal to be with prejudice. Esposito failed to appeal the order of dismissal, and also failed to file a motion to reconsider under Federal Rule of Civil Procedure 60(b).

Esposito filed this action in April 1997, alleging that six nurses who worked at the jail (including Piatrowski and Smith) were deliberately indifferent to his serious medical needs during the period of April 1995 through January 1996. Two of the defendants (Nurse Carol and Nurse Jackie) were never served. On June 5, 1997, defendants Kathy McKim and Bridget Garland moved to dismiss for failure to state a claim; Piatrowski moved to dismiss the claims against himself as barred by the doctrine of res judicata; and Smith moved pursuant to Rule 41(d) for reimbursement of costs incurred in defending the first complaint, and requested that the case be stayed until such costs were paid.

In the first of two reports to the district court, the magistrate judge recommended denying McKim and Garland's motion to dismiss, but recommended granting Piatrowski's. The district court adopted the magistrate judge's recommendation, and on January 9, 1998, over Esposito's objection, dismissed Esposito's claims against Piatrowski. A month later, the magistrate judge issued a second report recommending granting Smith's motion for costs and staying all further proceedings until Esposito paid. The magistrate judge reasoned that costs were warranted because Esposito had raised the same allegations against Smith in the first action, but elected to voluntarily dismiss the claims by stipulation, and failed to sign various submissions in the second action in violation of Federal Rule of Civil Procedure 11./3 The district court agreed and on March 4, 1998, entered an order directing Smith to submit a bill of costs. The district court also ordered all further proceedings stayed until the costs were paid. The order noted that Esposito had not objected to the report and recommendation and thus had waived his right to challenge it.

Shortly thereafter, Esposito moved for reconsideration of the district court's order staying all proceedings until the payment of all costs occurred. The plaintiff-appellant asserted that he had not had enough time to submit a signed objection to the magistrate judge's recommendation because he and the other plaintiffs were housed in different facilities and were thus unable to sign and file an objection in a timely fashion. Meanwhile, Smith filed a bill of costs, claiming that his share of the total expense of defending the first action

(including attorneys' fees, copying costs, travel costs, and other expenses) was $6,758.91. The district court denied Esposito's motion to reconsider, holding without elaboration that he had "not shown a manifest error of law or presented newly discovered evidence." Esposito has failed to pay any portion of the costs assessed.

On September 1, 1998, the magistrate judge ordered Esposito to report within seven days on his compliance with the directive to reimburse Smith for his costs. Esposito did not respond. Some nine months later, on June 7, 1999, Smith, McKim and Garland moved to dismiss the complaint for want of prosecution pursuant to Rule 41(b), and the magistrate judge agreed and recommended granting their motion. On July 21, 1999, the district court adopted the recommendation of the magistrate judge and directed entry of an order dismissing the complaint without prejudice for want of prosecution. The following day, the clerk prepared, and the court approved, a judgment dismissing all six defendants pursuant to the court's order of the previous day. On appeal, Esposito seeks reinstatement of his suit in its entirety.

We review dismissals under Rule 41(b) for abuse of discretion./4 See Williams v. Chicago Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998). Rule 41(b) allows for involuntary dismissal "for failure of the plaintiff to prosecute or to comply with these Rules or any order of court." If a plaintiff whose previous action has been dismissed commences another action "based on or including" the same claim against the same party-defendant, Rule 41(d) permits the court to order the payment of costs. See Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1077 (7th Cir. 1987). The rule further empowers the court to order a stay of proceedings until such time as the plaintiff has complied with the order. Fed. R. Civ. P. 41(d).

Esposito appeals the district court's determination that he should not be entitled to proceed with the present action in its entirety as a result of his failure to pay the court-ordered costs incurred by one of the defendants in defending against the first action. As previously stated, the judgment of the district court on July 22, 1999, not only dismissed Esposito's claims against Smith, who moved for costs under Rule 41(d) as a result of his participation in the first action, but also dismissed his claims against all of the remaining defendants, none of whom were involved in the first suit or a party to the Rule 41(d) motion for costs. Although Rule 41(d) does not expressly

authorize the dismissal of defendants who were not parties in the first suit, such a result is implied by the rule's language in that it specifically empowers the court to "make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order." The rule does not limit the district court's authority to stay or dismiss proceedings only with respect to those parties who were defendants in the first action. Moreover, a party such as Esposito who completely disregards a district court's order by failing to pay costs with respect to one defendant should be precluded from proceeding with a second suit and causing a similar loss to new defendants. See Support Sys. Int'l, Inc. v. Mack, 45 F.3d 185, 187 (7th Cir. 1995) (per curiam). Applying Rule 41(d) to all defendants in the action allows courts and defendants to avoid the costs of groundless litigation. Consequently, the district court properly dismissed all of the defendants in Esposito's second suit under Rule 41.

Here, the "costs" awarded to Smith from the first action included the payment of attorneys' fees. Federal courts adhere to the "American Rule," which recognizes that attorneys' fees are not generally a recoverable cost of litigation (unless specifically ordered by the court or provided by contract). See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975). As stated by the Supreme Court, "the law of the United States, but for a few well-recognized exceptions not present in these cases, has always been that absent explicit congressional authorization, attorneys' fees are not a recoverable cost of litigation." Runyon v. McCrary, 427 U.S. 160, 185 (1976)./5 "Recognition of the availability of attorneys' fees therefore requires a determination that 'Congress intended to set aside this longstanding American rule of law.'" Key Tronic Corp. v. United States, 511 U.S. 809, 815 (1994) (citation omitted). There is no language in the text of Rule 41(d) indicating that Congress intended to alter the "American Rule" as the rule does not refer to attorneys' fees as an awardable cost.

In Marek v. Chesny, 473 U.S. 1 (1985), the Court analyzed whether attorneys' fees may be awarded as costs under Federal Rule of Civil Procedure 68. Rule 68 provides that if a pretrial offer of settlement is rejected and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." Fed. R. Civ. P. 68; see also, Marek, 473 U.S. at 4. Rule 68 thus allows for an award of

"costs," but does not define the term; nor is there any reference in the Advisory Committee Notes indicating as to whether such costs include attorneys' fees. See Marek, 473 U.S. at 4. The Court concluded that the vagueness of the rule was likely intentional, and that consequently "Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute." Id. at 9. "Thus, absent congressional expressions to the contrary, where the underlying statute defines costs to include attorneys' fees, we are satisfied such fees are to be included as costs for purposes of Rule 68." Id. The Court specifically noted that under Section 1983, the underlying substantive statute in the case, a party may recover attorneys' fees as part of the costs pursuant to the Civil Rights Attorney's Fees Awards Act of 1976. See 42 U.S.C. sec. 1988; see also, Marek, 473 U.S. at 9. As a result, the Court concluded that attorneys' fees are subject to the cost-shifting provision of Rule 68. Marek, 473 U.S. at 9.

Like Rule 68, Rule 41(d) refers to "costs," but fails to define the term, and furthermore, neither the rule nor the Advisory Committee Notes address the question of whether attorneys' fees may be included in an award of costs. Because Rule 41(d) does not refer to costs any differently than does 28 U.S.C. sec. 1920, which provides the statutory specification of allowable costs, fees may be included as costs only where the underlying statute so provides. Consequently, consistent with Marek, we hold that a party may recover reasonable attorneys' fees as part of its "costs" under Rule 41(d) only where the underlying statute defines costs to include attorneys' fees. Thus, attorneys' fees are not a recoverable cost of litigation under Rule 41(d) unless the substantive statute which formed the basis of the original suit allows for the recovery of such fees as costs (or unless such fees are specifically ordered by the court).

The extension of Marek's holding to Rule 41(d) is consistent with our past treatment of attorneys' fees under other provisions within Rule 41. Under Rule 41(a)(2), attorneys' fees may be awarded as a "term or condition" of voluntary dismissal. See, e.g., LeBlang Motors, Ltd. v. Subaru of America, Inc., 148 F.3d 680, 686 (7th Cir. 1998). It would be inconsistent to award attorneys' fees as a condition of voluntary dismissal under Rule 41(a)(2), but completely prohibit the awarding of such fees when a case that is voluntarily dismissed is refiled under Rule 41(d). See Esquivel v. Arau, 913 F. Supp. 1382, 1391 (C.D. Cal. 1996). Moreover, awarding such fees as part of costs advances the purpose of Rule 41(d), which is to deter forum shopping

and vexatious litigation. See Simeone v. First Bank Nat'l Ass'n, 971 F.2d 103, 108 (8th Cir. 1992). In Szabo Food Service, Inc. v. Canteen Corporation, 823 F.2d 1073 (7th Cir. 1987), we analyzed the propriety of awarding attorneys' fees under Rule 41(a)(1)(i), which governs the voluntary dismissal of an action by the plaintiff prior to the service of an answer or a motion for summary judgment. We observed then that no costs may be awarded the first time a plaintiff voluntarily dismisses a suit under Rule 41(a)(1)(i), and so attorneys' fees cannot independently be awarded under a statute like Section 1988 that treats fees as part of costs. Id. at 1077. But, in analyzing the propriety of a fee award under Rule 41(a)(1)(i), we stated in dicta that such fees may be awarded under Rule 41(d) if the plaintiff revives the lawsuit. Id. Here, we resolve the question in the affirmative, but limit it only to those instances where the underlying statute that is the basis of the original action permits the recovery of fees as costs.

Like the respondent in Marek, Esposito brought suit under Section 1983. Unlike prevailing plaintiffs in Section 1983 actions, who receive attorneys' fees as a matter of course, prevailing defendants in such actions may recover fees only upon a finding that the plaintiff's action was frivolous, unreasonable, or groundless. Christianburgh Garment Co. v. EEOC, 434 U.S. 412, 422 (1978); Khan v. Gallitano, 180 F.3d 829, 837 (7th Cir. 1999). Here, the district court did not find that Esposito's claim in the first suit was frivolous and therefore could not award attorneys' fees as part of the costs. Esposito, however, is not appealing from the deferred award of costs from the first suit, and the current suit was dismissed because Esposito disregarded the district court's order and paid nothing, attorneys' fees or otherwise. We would need to decide the fees question if Esposito had paid the costs but not the attorneys' fees. But because he failed to pay anything, the dismissal of his second suit was proper.

Esposito does not deny that the current action includes allegations brought in the previously-dismissed case, nor does he argue that the costs themselves are excessive. Rather, he argues that the order directing the payment of costs and the stay of proceedings unfairly denied him access to the courts because he is unable to pay the costs. Esposito's inability to pay, however, does not allow him to side-step the dictates of Rule 41. We are not persuaded that the district court abused its discretion.

Finally, Esposito argues that the district court

erred by failing to consider his objections to Smith's motion for costs. Esposito's objections, however, merely reasserted the allegations in his complaint and attempted to explain why he failed to submit an amended complaint in the first action. Esposito's objections and reasoning fall far short of convincing us that the district court erred by ordering the stay and the subsequent dismissal of the action. Esposito has failed to demonstrate that the district court abused its discretion.

The judgment of the district court is AFFIRMED.

/1 Two other plaintiffs, James Wendell Amann and Paul Edward Lindquist, do not join in this appeal.

/2 The district court originally assigned the case to Magistrate Judge Philip M. Frazier, presumably pursuant to 28 U.S.C. sec. 636(b)(1), although the record does not reveal the date of the referral or whether the parties consented to appear before the magistrate judge. Magistrate Judge Frazier recused himself after Esposito stated in a response memorandum that the magistrate judge had earlier given him advice regarding his incarceration at the jail. Magistrate Judge Frazier did not make any rulings in the case prior to his recusal. The case was thereafter referred to Magistrate Judge Gerald B. Cohn, although the record is silent as to the date of that assignment.

/3 The magistrate judge ordered eight documents stricken for failing to contain the signatures of all of the plaintiffs. Among the documents stricken were the plaintiffs' responses (and memoranda) to both motions to dismiss, as well as the plaintiffs' response to Smith's motion for costs.

/4 We need not determine whether Esposito's claims against Piatrowski are barred by res judicata because his claims, like those against the other defendants, are subject to dismissal for want of prosecution pursuant to Rule 41(b).

/5 Attorneys' fees may be awarded by order of the court under certain factual circumstances not present here. One such example is the courts' inherent authority to order a party acting in bad faith to pay for the attorneys' fees of its adversary. See F.D. Rich Co., Inc. v. United States ex rel. Indus. Lumber Co., Inc., 417 U.S. 116, 129 (1974). Another example is where a successful litigant has conferred a substantial benefit on a class of persons and the award of

fees operates to spread the cost among the
members of the class. Id. at 129-30.