**The CADLE COMPANY, Plaintiff,**

v.

**Harold R. BEURY and Sandra J. Beury, Defendants.**

**No. 406CV255.**

United States District Court, S.D. Georgia, Savannah Division.

March 28, 2007.

---

Andrew F. Emerson, The Emerson Law Firm, Dallas, TX, Roy E. Paul, Bouhan, Williams & Levy, LLP, Savannah, GA, for Plaintiff.

Janet L. Lachman, Litigation Advisory Services, Friendswood, TX, Tracy C. O'Connell, Ellis, Painter, Ratterree & Adams, LLP, Savannah, GA, for Defendants.

### ORDER

EDENFIELD, District Judge.

### I. INTRODUCTION

Plaintiff The Cadle Company ("Cadle") brought this collection case seeking a proper-ty-foreclosure deficiency judgment against defendants Harold R. and Sandra J. Beury. Doc. # 1. Cadle, however, had previously filed and voluntarily dismissed a similar case in a Texas court, so this Court ordered briefing on the appropriate amount of F.R.Civ.P. 41(d) costs that Cadle should first pay to the defendants before this case proceeds. Doc. # 33. The parties have complied. Doc. ## 36, 37.

### II. BACKGROUND [1]

The Beurys executed three promissory notes to purchase three Texas properties in 1985; the notes were secured by the properties. Doc. # 33 at 1. After the Beurys defaulted in 1989, the notes' holder foreclosed and sent the Beurys notice at their New Jersey residence. *Id.* at 2. At some point, Cadle acquired the notes and thus the right to collect from the Beurys. Doc. # 1 at 4, 6.

In 2005, the Beurys, then retirees living in Savannah, Georgia, received notice from Cadle that the proceeds of the 1989 foreclosure sales were insufficient to cover the amounts owing on the promissory notes, and that they were liable for both the deficiency amounts plus interest. Doc. # 33 at 2. Invoking a limitations statute, the Beurys refused to pay, so Cadle sued them in a Texas state court on all three notes. *Id.* Fifteen months of litigation (costing the Beurys over $40,000) culminated in a 2.5–hour hearing on the limitations issue. Before that court could rule, however, Cadle voluntarily dismissed the case and filed this action to collect on two of the three notes. *Id.* at 3–4.

### III. ANALYSIS

#### A. Rule 41(d) and Attorney's Fees

Rule 41(d) states:

If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it

---

1. These facts are derived from the affidavits presented by the Beurys in their motion to transfer and, for this Order only, are accepted as true. Doc. # 16.

may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

F.R.Civ.P. 41(d).

Here Cadle dismissed the Texas action, then commenced this action based on two of the three notes, thus "including the same claim against the same defendants." *Id.* This Court therefore "may make such order for the payment of costs of the action previously dismissed as it may deem proper." *Id.* The Court deems it proper that Cadle, before proceeding in this Court, pay a substantial portion of the Beurys' costs of defending the nullified Texas action.

■ As the Court noted in its previous Order, however, some courts have held that Rule 41(d) does not allow an award of attorney's fees as part of the "costs of the action previously dismissed." In *Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868 (6th Cir. 2000), for example, the court held that attorney's fees are not available under Rule 41(d). "The reason is simple," that court stated, "the rule does not explicitly provide for them." *Id.* at 874. The *Rogers* court reasoned that the term "costs" was not an explicit provision because

> the law generally recognizes a difference between the term 'costs' and 'attorney fees' and we have no desire to conflate the two terms. Rather, we must assume that Congress was careful with its words when it approved Rule 41(d).

*Id.* What that court failed to directly address, however, is whether a rule that allows the court to impose "costs of the action previously dismissed" should be construed broadly enough to encompass some attorney's fees expended defending that action. In other words, while the terms "costs" and "attorney's fees" unquestionably define different outlays, it is not outlandish to construe the term "costs" to include some attorney's fees (indeed, as will be shown *infra,* others have done precisely that).

Perhaps the *Rogers* court meant that the law generally recognizes that attorney's fees are *never* a part of "costs." Yet, without citation or clarification, it is difficult to tell what that panel meant. Perhaps it found

mutual exclusivity in what has been called "the fundamental, essential, and common law doctrines and distinctions as to *costs* and *fees.*" *Marek v. Chesny,* 473 U.S. 1, 18 n. 8, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) (Brennan, J. dissenting) (quoting Payne, *Costs in Common Law Actions in the Federal Courts,* 21 Va. L.Rev. 397, 398 (1935)); *see also id.* at 8, 105 S.Ct. 3012 (majority opinion) (defining "American Rule"—that here, "[u]nlike in England, such 'costs' generally had not included attorney's fees"). The *Rogers* court applied this distinction to hold that, by using the term "costs," the Federal Rules' drafters intentionally omitted attorney's fees. 230 F.3d at 874. The court also made other observations to support its holding. It noted that "Rule 41(d) only speaks of 'costs' and does not mention attorney fees, [while] several other provisions in the Federal Rules explicitly provide for recovery of attorney fees." *Id.* at 875. And "28 U.S.C. § 1920 lists the items a court may tax as 'costs' . . . but does not include attorney fees." *Id.*

All of these arguments were made by Justice Brennan's dissent, yet *rejected* by the majority in *Marek,* which the *Rogers* court failed to cite. The *Marek* Court held that the term "costs," as used in Rule 68—the federal offer of judgment rule—included attorney's fees where a statute underlying the claim defines costs as including attorney's fees. 473 U.S. at 11–12, 105 S.Ct. 3012. Justice Brennan chastised the majority because of, *inter alia,* the common law distinction between fees and costs, *id.* at 18 & n. 8, 105 S.Ct. 3012 (Brennan, J., dissenting), 28 U.S.C. § 1920's omission of attorney's fees as a portion of costs, *id.* at 13–14, 105 S.Ct. 3012, and other Federal Rules' explicit mention of attorney's fees, *id.* at 20, 105 S.Ct. 3012.

Nevertheless, the *Marek* Court refused to adopt that reasoning and instead held that the definition of "costs" under Rule 68 depended on the definition of costs that Congress gave for the underlying action where an independent statute speaks of "costs." The Seventh Circuit applied *Marek* in the Rule 41(d) context. *Esposito v. Piatrowski,* 223 F.3d 497, 501 (7th Cir.2000) ("attorneys' fees are not a recoverable cost of litigation

under Rule 41(d) unless the substantive statute which formed the basis of the original suit allows for the recovery of such fees as costs").

This Court will not follow the *Rogers* or *Esposito* court's Rule 41(d) interpretation and instead holds that Rule 41(d) gives the Court discretion to grant attorney's fees, as it may deem proper, as part of the "costs of the action previously dismissed." The reason is that the Federal Rules' promulgators clearly answered whether attorney's fees are a part of costs for purposes of the Federal Rules by amending Rule 54(d)—the costs provision—in 1993.

The *Marek* Court looked to the 1985 version of Rule 54(d) for guidance on the meaning of the term "costs." The Court noted that many of the statutes listed in the Advisory Committee's Note to Rule 54(d) defined attorney's fees as a part of costs. 473 U.S. at 8, 105 S.Ct. 3012. Thus, the Rule drafters knew the varying definitions of the word "costs," and "the most reasonable inference is that the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." *Id.* at 9, 105 S.Ct. 3012.

The Rule drafters [2] (in 1993) amended Rule 54(d) and clearly answered the question whether they consider attorney's fees a part of costs. The Rule originally contained a single paragraph with the same reference to "costs" as is contained in Rule 68 and Rule 41(d). The amendment divided the Rule into two subsections entitled "Costs Other than Attorneys' Fees" and "Attorneys' Fees." This subdividing clarifies that attorney's fees are considered by the Rule drafters to be a part of "costs." The overall section—(d)—encompasses *all* costs. Subsection (1) deals with the non-attorney-fee costs (or costs *other than* attorney's fees), while subsection (2) deals with attorney-fee costs.

Therefore, whatever was the distinction between costs and attorney's fees under the common law or "American Rule," Rule 54(d) now defines costs to include attorney's fees, and it controls for purposes of interpreting

the word "costs" in a fellow Federal Rule. Had the Rule drafters intended Rule 41(d) to not include attorney's fees, they would have deployed the same phrase—"costs other than attorneys' fees"—utilized in Rule 54(d)(1).

Even were the Court to refuse to adopt the definition of "costs" in Rule 54(d), the term is at least ambiguous. Varying definitions of the term "costs" are seen in the common-law American Rule, Rule 54(d), the differing opinions in *Marek,* and assorted federal statutes, *see Marek,* 473 U.S. at 43–51, 105 S.Ct. 3012 (app'x to the opinion of Brennan, J., dissenting) (listing congressional enactments in three categories: "Statutes that refer to attorney's fees 'as part of the costs,'" "Statutes that do not refer to attorney's fees as part of the costs," and "Statutes that may or may not refer to attorney's fees as part of the costs"). *See also Mo. State Life Ins. Co. v. Jones,* 290 U.S. 199, 202, 54 S.Ct. 133, 78 L.Ed. 267 (1933) (attorney's fees typically part of "mere 'costs' excluded from the [jurisdictional amount in controversy] by the jurisdictional and removal statutes").

If Rule 41(d) is ambiguous, then it *"shall be construed* and administered to secure the just, speedy, and inexpensive determination of every action." F.R.Civ.P. 1 (emphasis added). Rule 41(d) promotes the just, speedy and inexpensive determination of every action by deterring plaintiffs from changing forums mid-litigation and forcing a new court to start from scratch, thus wasting litigant expenses and judicial resources. To interpret "costs" in Rule 41(d) to exclude attorney's fees would render that Rule a dead letter, eliminating any deterrence it would provide. *See, e.g., Behrle v. Olshansky,* 139 F.R.D. 370, 374 (W.D.Ark.1991) ("Surely, Congress intended that that provision of the federal rules have some 'teeth,' and it simply has none, as is evidenced by the circumstances of this case, if the costs that would have been recoverable under [then-existing] Rule 54(d) are all that the defendant can receive for years of fruitless litigation").

---

**2.** *See Rogers,* 230 F.3d at 874 n. 4, for a brief description of the process by which the Federal

Rules are generated.

To summarize, the word "costs" in Rule 41(d), as evidenced by the 1993 amendment to Rule 54(d), includes attorney's fees. Alternatively, the term "costs" is at least ambiguous, and thus under Rule 1's just, speedy, and inexpensive litigation prism it must be read to include attorney's fees. Either way, Rule 41(d) affords the Court discretion to award attorney's fees as part of the "costs of the action previously dismissed." *Id.*

### B. Costs Deemed Proper in this Case

■ Cadle first argues that the costs of the Texas action should not be imposed because this action involves two promissory notes, while the Texas litigation also involved a third, and "the Beurys achieved considerable benefit by successfully obtaining relief from the third note." Doc. # 37 at 1. In other words, Cadle argues, the Texas litigation would have been brought on the third note, and the Beurys would have incurred the same litigation costs, even if Cadle originally filed the lawsuit on the other two notes in this Court.[3]

Rule 41(d) gives this Court discretion to impose the costs of defending the Texas claims on the two notes at issue here, but not the third. As for the third note, Rule 41(d) is not met because Cadle cannot be said to have "commence[d] an action [in this Court] based upon or including the same claim against the same defendant." F.R.Civ.P. 41(d). Where a defendant assumes a particular cost in order to defend an action generally (*e.g.*, attorney's fees for crafting an argument that would defeat Cadle's claims on all three notes), however, the Court has discretion to award those costs as part "of the action previously dismissed." *Id.*

Though the Court's Rule 41(d) discretion reaches all previous-litigation costs related to the two notes litigated here, the Court fairly should consider the absence of the third note in this case. As an extreme example, if the Texas action involved 100 notes and the claim on one note was nonsuited and refiled in this Court, it would be unjust to impose on Cadle the Beurys' costs for the entire previous suit. The Court thus deems it proper to reduce the Beurys' costs by one-third since the Texas litigation involved a third note not at issue here.

Cadle next argues that costs for dispositive issues fully adjudicated by the Texas court should not be imposed. For instance, Cadle received an award of summary judgment in the Texas court and the Beurys spent substantial resources in a successful attempt to have it overturned. Cadle reasons that if the Beurys had not spent the money to defend dispositive issues, Cadle would have won in Texas court and thus would never have brought this case. Therefore, Cadle reasons, this Court should not shift those costs to Cadle because the Beurys obviously retain the value of their "win."

There is persuasive force to Cadle's argument that some of the Beurys' Texas litigation expenses reaped them a benefit that was not vaporized by Cadle's dismissal. If Cadle filed a dispositive motion, and the Beurys successfully defended against that motion at great expense, then it can be said that the Beurys have retained a large part of the return on that expense (*i.e.*, not losing on the dispositive motion, thus keeping their defense alive and not suffering a final judgment against them) when the case was voluntarily dismissed.

So viewed, the expenses related to a new-trial motion that the Beurys filed in the Texas court fall into this category. Thus, even though Cadle voluntarily dismissed the Texas action, the Beurys' retain all the value (*i.e.*, not losing the case) of their successful new-trial motion.

Still, much of the Beurys' Texas litigation expense relates to *non*dispositive motions before that court. And, while many of the issues that the Beurys successfully argued could not be relitigated in the Texas action, Cadle *could* re-argue them here and thus force the Beurys to bear the same litigation expense. Too, Cadle's change of venue eliminated the preclusive value of the Beurys'

---

**3.** Cadle's dismissal of the Texas action based on the third note, however, belies its claim that it would have pursued that note in the Texas court without regard to litigation on the other two notes.

Texas-court successes, dispositive and non-dispositive. Yet, for any issues that will be relitigated the Beurys likely crafted (and thus bore the expense for) most of their legal arguments in Texas, so this mitigates their relitigation expense here.

To summarize, the Court must take into consideration: (1) the costs incurred by the Beurys on dispositive motions that kept the case alive in the Texas court (thus, they retain the value of their expenditures) (shift less); (2) the preclusive effect of the Beurys' successes in state court, on matters both dispositive and nondispositive, was eliminated by Cadle's nonsuit (shift more), yet (3) the expense of relitigating issues will be mitigated by recyclable legal work from the Texas case (shift less).

Based on these considerations, it is proper to reduce the Beurys' Rule 41(d) costs by an additional one-sixth; adding that to the aforementioned one-third reduction cuts the Rule 41(d) award to one-half (one-third plus one-sixth) of the Beurys' Texas litigation costs.

The Beurys presented an affidavit declaring $41,000 in Texas litigation expenses, plus copies of the bills supporting that amount. Doc. # 36, exh. 4. Cadle contests neither their affidavit nor their records. Rather, it merely claims that much of the billing is unreasonable and should not be shifted. Doc. # 37 at 10–14. The Court has reviewed the bills and rejects Cadle's arguments. The total Rule 41(d) costs within the Court's discretion to shift amount to $41,000. For the reasons set forth above, the Court deems proper that $20,500 of those costs be shifted to Cadle.

## IV.  CONCLUSION

Pursuant to F.R.Civ.P. 41(d), the Court directs plaintiff The Cadle Company to pay to the defendants Harold R. and Sandra J. Beury $20,500, which represents 50% of their Texas litigation costs. The Court *STAYS* this case pending proof of Cadle's payment.