**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-2372**

STELLA ANDREWS, individually and on behalf of similarly
situated persons,

              Plaintiff - Appellant,

        v.

AMERICA'S LIVING CENTERS, LLC, a for profit limited
liability corporation, organized under the laws of the State
of North Carolina, doing business as CAROLINA LIVING CENTER;
CAROLINA LIVING CENTER #1; ZION HILL LIVING CENTER; GOLDEN
HARVEST LIVING CENTER #1; GOLDEN HARVEST LIVING CENTER #2;
UNION MILLS LIVING CENTER #1; UNION MILLS LIVING CENTER #2;
UNION MILLS LIVING CENTER #3; FOUR SEASONS FAMILY CARE HOME;
TRANSYLVANIA LIVING CENTER; KENNETH HODGES, individually &
as mbr/mgr of America's Living Ctrs LLC, & owner &/or mgr of
Carolina Living Ctrs; Carolina Living Ctr 1; Golden Harvest
Living Ctrs 1 & 2; Union Mills Living Ctrs 1, 2 & 3; Four
Seasons Family Care Home; & Transylvania Living Ctr,

              Defendants - Appellees.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Martin K. Reidinger,
District Judge.  (1:10-cv-00257-MR-DLH)

Submitted:  October 30, 2012        Decided:  January 4, 2013

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Joseph H. Cassell, ERON LAW OFFICE, P.A., Wichita, Kansas; Robert Carpenter, ADAMS HENDON CARSON CROW & SAENGER, P.A., Asheville, North Carolina, for Appellant. Grant B. Osborne, WARD AND SMITH, P.A., Asheville, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In granting a motion for costs under Federal Rule of Civil Procedure 41(d) (authorizing an order directing a plaintiff, who previously dismissed an action and filed a second action based on the same claim, to pay the costs of the previous action), the district court ordered that the parties confer on the amount of costs and, failing agreement, that the defendants submit a bill of costs and affidavits to enable the court to determine the amount. The plaintiff appeals this order. Because it is interlocutory, however, we dismiss the appeal and remand the case for further proceedings.

Stella Andrews brought a collective action under the Fair Labor Standards Act ("FLSA") against America's Living Centers, LLC, and Kenneth Hodges, alleging that she and other similarly situated employees were owed unpaid overtime and minimum wages. After the district court conducted a hearing on the defendants' motion to dismiss, Andrews voluntarily dismissed the complaint under Rule 41(a)(1)(A)(i). On that same day, however, she filed this action under the FLSA, again making the same claims and naming as defendants America's Living Centers, LLC, and Hodges, as well as 10 family care homes that they allegedly own and operate. In response to this action, the defendants filed a motion, pursuant to Rule 41(d), for an award of costs, including attorneys' fees, incurred in defending the

3

previously dismissed action and to stay the proceedings in this action until Andrews paid the costs of the prior action.

A magistrate judge granted the defendants' Rule 41(d) motion and directed the parties to confer on the amount of costs reasonably incurred by the defendants. His order provided that if the parties could not agree on the amount of costs, the defendant should submit a bill of costs with supporting affidavits, and the court would determine the amount. The order also provided that the action be stayed pending Andrews' payment of the costs after they were so determined. The district court affirmed the magistrate's order and issued an order directing the parties to comply with it.

From the district court's order, Andrews filed this appeal.

We conclude that the district court's order is an interlocutory order over which we do not have jurisdiction. An appellate court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-46 (1949).

Andrews argues that the district court's order is an appealable collateral order. But it is well established that in order for a collateral order to be appealable, it must "[1]

4

conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." Will v. Hallock, 546 U.S. 345, 349 (2006) (alterations in original) (internal quotation marks and citations omitted).

Here, where the district court has yet to determine even the amount of costs to be awarded, the question is not conclusively determined, and the order undoubtedly remains interlocutory and unappealable. Accordingly, we dismiss the appeal for lack of jurisdiction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED