NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0226n.06

No. 13-3643

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 26, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ANHTUYA HARTSAGA; ULZII ENKH ERDENE, | ) | |
| | ) | |
| | ) | |
| Petitioners, | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

BEFORE: BOGGS, SILER, and GIBBONS, Circuit Judges.

PER CURIAM. Anhtuya Hartsaga and Ulzii Enkh Erdene, wife and husband, citizens of Mongolia, petition through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing their appeal of a decision of an immigration judge (IJ) denying their applications for asylum and withholding of removal.

Petitioners were born in Mongolia in 1968 and 1967, respectively. They entered this country in 2002. Their daughter, who was originally included in this proceeding, also entered the United States in 2002. Hartsaga had a student visa. She did not maintain her student status, and the family's visas accordingly expired. They filed applications for asylum and withholding of removal in 2008 and 2009, respectively, alleging that they were persecuted in Mongolia based on their Baptist religion.

Petitioners testified at their evidentiary hearings before the IJ that they were frequently assaulted by the majority Buddhists in Mongolia, resulting in serious injuries. They reported

nine such incidents between 1988 and 2002. Additionally, they testified that they were once arrested and held in jail overnight for holding a religious meeting. Hartsaga also claimed that her mother's death in 1976 was due to religious persecution, because she was attempting to escape from an altercation when she fell from a horse and was killed.

The IJ found that petitioners' applications for asylum were not filed within one year of their entry into this country and were therefore untimely. The IJ rejected petitioners' argument that their lack of knowledge of the filing requirement constituted extraordinary circumstances to excuse the late filing. On the withholding claim, the IJ found that petitioners' testimony was not credible. All relief was therefore denied. The BIA agreed with the IJ's findings and dismissed the appeal.

Hartsaga and Erdene, but not their daughter, petition the court for review. They argue that their lack of knowledge of the asylum filing requirement constitutes an extraordinary circumstance excusing the late filing of their asylum applications. They also argue, in a conclusory fashion, that the IJ and BIA erred in finding that their claims of persecution were not credible.

We lack jurisdiction to review the determination below that there were no extraordinary circumstances excusing the late filing of petitioners' applications for asylum. 8 U.S.C. § 1158(a)(3); *Vincent v. Holder*, 632 F.3d 351, 353 (6th Cir. 2011). Therefore, the petition for review of the denial of asylum must be dismissed.

The denial of an application for withholding of removal will be upheld unless it is "manifestly contrary to law." 8 U.S.C. § 1252(b)(4)(C); *Almuhtaseb v. Gonzales*, 453 F.3d 743, 749 (6th Cir. 2006). In order to be eligible for withholding, petitioners were required to

demonstrate a clear probability that they will be persecuted on account of their alleged Baptist religion if they return to Mongolia. *See Kouljinski v. Keisler*, 505 F.3d 534, 544 (6th Cir. 2007).

The IJ found that petitioners had not demonstrated a clear probability of persecution because their testimony was not credible. This is a factual finding that cannot be reversed unless the evidence compels a contrary conclusion. *Hachem v. Holder*, 656 F.3d 430, 434 (6th Cir. 2011). The evidence in this case supports the IJ's credibility finding. For example, Hartsaga's passport indicated that she was in China on one of the dates when petitioners claimed that they were assaulted. Hartsaga testified that she was assaulted by four unknown men in 2001, but her written application reported that this attack was by the police. Although petitioners claimed to be Baptists, they presented no corroborating evidence to that effect. In fact, they submitted a statement from their pastor in the United States indicating that they have been attending a Presbyterian church for years. Petitioners also submitted no corroborative statements from anyone in Mongolia, although they testified that they remained in contact with their families and fellow Baptists there, and that these people witnessed the events they described. The IJ also found it incredible that petitioners had travelled to Russia, China, and South Korea during the period they alleged they were being persecuted but that they never applied for asylum in any of these countries, always voluntarily returning to Mongolia. The IJ also noted that petitioners waited six years or more before applying for asylum in this country. Finally, no evidence was presented that confirmed that Baptists are persecuted in Mongolia. Accordingly, the evidence does not compel a finding that petitioners' claims of persecution are credible. Absent credible evidence, they could not establish eligibility for withholding of removal. *See El-Moussa v. Holder*, 569 F.3d 250, 256-57 (6th Cir. 2009).

Accordingly, the petition for review of the denial of the applications for asylum is dismissed, and the petition for review of the denial of the applications for withholding of removal is denied.