**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-1658**

---

STELLA ANDREWS, individually and on behalf of similarly situated persons,

Plaintiff - Appellant,

v.

AMERICA'S LIVING CENTERS, LLC, a for profit limited liability corporation, organized under the laws of the State of North Carolina, doing business as; CAROLINA LIVING CENTER; CAROLINA LIVING CENTER #1; ZION HILL LIVING CENTER; GOLDEN HARVEST LIVING CENTER #1; GOLDEN HARVEST LIVING CENTER #2; UNION MILLS LIVING CENTER #1; UNION MILLS LIVING CENTER #2; UNION MILLS LIVING CENTER #3; FOUR SEASONS FAMILY CARE HOME; TRANSYLVANIA LIVING CENTER; KENNETH HODGES, individually & as mbr/mgr of America's Living Ctrs LLC, & owner &/or mgr of Carolina Living Ctrs; Carolina Living Ctr 1; Golden Harvest Living Ctrs 1 & 2; Union Mills Living Ctrs 1, 2 & 3; Four Seasons Family Care Home; & Transylvania Living Ctr,

Defendants - Appellees.

--------------------------------------

JOHN J. KORZEN,

Amicus Supporting Appellees.

---

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:10-cv-00257-MR-DLH)

---

Argued:  May 10, 2016                    Decided:  June 28, 2016

---

Before TRAXLER, Chief Judge, GREGORY, Circuit Judge, and Joseph F. ANDERSON, Jr., Senior United States District Judge for the District of South Carolina, sitting by designation.

---

Vacated, reversed, and remanded for proceedings consistent with this published opinion. Judge Gregory wrote the opinion, in which Chief Judge Traxler and Senior Judge Anderson joined.

---

**ARGUED**: Joseph H. Cassell, ERON LAW, P.A., Wichita, Kansas, for Appellant. Ashley S. Escoe, Rolf Garcia-Gallont, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina, for Court-Assigned Amicus Counsel. **ON BRIEF**: John J. Korzen, Court-Assigned Amicus Counsel, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina.

---

GREGORY, Circuit Judge:

Stella Andrews appeals the district court's dismissal of her action in light of her failure to pay attorneys' fees from a prior action under Federal Rule of Civil Procedure 41(d). While we conclude that Rule 41(d) may permit the award of attorneys' fees under certain circumstances, those circumstances are not present here. We thus vacate, reverse, and remand.

I.

Andrews first filed suit against Defendants[1] under the Fair Labor Standards Act ("FLSA") on June 4, 2010. On July 29, 2010, Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), to which Andrews responded on September 15, 2010. In the response, Andrews stated that she was "prepared as the Court may direct and allow to submit an Amended Complaint setting forth her allegations in more detail." J.A. 206. In a subsequent order setting a hearing, the magistrate judge noted that this was not a proper request, as the local rules prohibited making a motion within a response to another motion and Andrews had missed the twenty-one-day deadline provided in Federal Rule of Civil Procedure 15(a)(1) for unilaterally amending the complaint after a motion to dismiss. On October

_____

[1] The Court appointed Amicus to represent Defendants on appeal.

3

19, 2010, the day before the hearing on the motion to dismiss, Andrews filed a motion for leave to amend with a proposed amended complaint.

The magistrate judge heard argument on both motions and provided the three following options for the parties: 1) he could rule on the motion to dismiss, recommending that the district court dismiss the case; 2) he could rule on the motion for leave to amend; 3) or Andrews "c[ould] just stand up and say, I want to take a dismissal . . . plaintiff can be free to file another complaint." Id. at 132-33.

Andrews decided to voluntarily withdraw her complaint under Federal Rule of Civil Procedure 41(a)(1). On November 3, 2010, Andrews dismissed her first action and filed a second complaint, which she served on Defendants in February 2011. Defendants then moved to stay the second action and for costs under Rule 41(d). Defendants sought $25,437.75 for attorneys' fees and other expenses that had been incurred in defending the first action. The magistrate ordered that Defendants be awarded those fees that related to the motion to dismiss, and the district court affirmed, finding that an award of attorneys' fees was proper under Rule 41(d) and that Andrews's conduct amounted to vexatious litigation, for which fees could be recovered.

This case has been before us twice before: in 2013, Andrews appealed before an amount had been determined, and we

4

dismissed the appeal as interlocutory and unappealable. Andrews v. Am.'s Living Centers, LLC, 503 F. App'x 199, 201 (4th Cir. 2013). On remand, the district court awarded $13,403.75 in attorneys' fees to Defendants and stayed the case pending payment. In 2015, Andrews appealed without paying the costs and before the case was dismissed for nonpayment. After oral argument, we granted Andrews's motion for voluntary dismissal and dismissed the case. Andrews v. Am.'s Living Centers, LLC, 13-1695 (4th Cir. Mar. 24, 2015). On remand, the district court dismissed the second action for failure to pay the awarded attorneys' fees. Andrews timely appealed.

## II.

We first consider whether and under what circumstances Rule 41(d) permits an award of attorneys' fees as a component of "costs," an open question in this Circuit. The proper scope of a rule of procedure is a question of law subject to de novo review. Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 545 (4th Cir. 1993).

Federal Rule of Civil Procedure 41(d) provides,

If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

(1) may order the plaintiff to pay all or part of the costs of that previous action; and

5

> (2) may stay the proceedings until the plaintiff
> has complied.

Fed. R. Civ. P. 41(d).

As is apparent from the text, Rule 41 does not explicitly permit attorneys fees. Nevertheless, courts have noted that the purpose of Rule 41(d) is "to serve as a deterrent to forum shopping and vexatious litigation." Simeone v. First Bank Nat'l Ass'n, 971 F.2d 103, 108 (8th Cir. 1992); see also Esposito v. Piatrowski, 223 F.3d 497, 501 (7th Cir. 2000) (citing Simeone, 971 F.2d at 108); Wright & Miller, 9 Fed. Prac. & Proc. Civ. § 2375 (3d ed.) (citing cases). This includes attempts to "gain any tactical advantage by dismissing and refiling th[e] suit." Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 874 (6th Cir. 2000) (citation omitted) (alteration in original). With this purpose in mind, some courts have determined that Rule 41(d) permits an award of attorneys' fees. As one court has explained, "Surely, Congress intended that that provision of the federal rules have some 'teeth.'" Behrle v. Olshansky, 139 F.R.D. 370, 374 (W.D. Ark. 1991).

Several of our sister circuits have considered the question now before us, producing an apparent split of authority. The Eighth and Tenth Circuits, for example, have both upheld an award of attorneys' fees under Rule 41(d), albeit without much explanation. Meredith v. Stovall, 216 F.3d 1087 (10th Cir.

6

2000) (unpublished); <u>Evans v. Safeway Stores, Inc.</u>, 623 F.2d 121, 122 (8th Cir. 1980); <u>see also</u> <u>Robinson v. Bank of Am., N.A.</u>, 553 F. App'x 648, 651 (8th Cir. 2014) (unpublished) (relying on <u>Evans</u>).

Meanwhile, based on the language of the rule itself, the Sixth Circuit has held that attorneys' fees are not included in costs. <u>Rogers</u>, 230 F.3d at 874. The <u>Rogers</u> court reasoned, "Where Congress has intended to provide for an award of attorney fees, it has usually stated as much and not left the courts guessing. Further, the law generally recognizes a difference between the terms 'costs' and 'attorney fees' and we have no desire to conflate the two terms." <u>Id.</u> The court recognized that attorneys' fees may be permissible where the structure "evinces an intent to provide" them, <u>id.</u> at 875 (quoting <u>Key Tronic Corp. v. United States</u>, 511 U.S. 809, 815 (1994)), but was unpersuaded that the structure mandated costs to include attorneys' fees in this context, where other provisions in the Federal Rules explicitly provided for attorneys' fees. <u>Id.</u> (citation omitted).

Between these two goalposts, the Seventh Circuit has held that attorneys' fees are not generally awardable under Rule 41(d) "unless the substantive statute which formed the basis of the original suit allows for the recovery of such fees as costs (or unless such fees are specifically ordered by the court)."

7

Esposito, 223 F.3d at 501. In so holding, the court first determined that nothing in the text of the rule indicated that Congress intended to "alter" the "American Rule," under which attorneys' fees are not generally recoverable. Id. at 500 (citing Key Tronic, 511 U.S. at 815; Alyseka Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975)).

The Esposito court then considered Marek v. Chesny, 473 U.S. 1 (1985), where the Supreme Court held that the costs provided for in Federal Rule of Civil Procedure 68 did not include attorneys' fees. Id. Like Rule 41(d), Rule 68(d) allows for an award of costs but does not define the term. See Fed. R. Civ. P. 68(d). Determining that the authors of the Federal Rules were familiar with the American Rule and its exceptions, the Marek Court held that "the most reasonable inference is that the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." 473 U.S. at 9. "Thus, absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68." Id. As the plaintiff had sued under 42 U.S.C. § 1983, and a prevailing party in a § 1983 action may be awarded attorneys' fees "as part of the costs," 42 U.S.C. § 1988(b), "such fees are subject to the cost-shifting provision

8

of Rule 68. This 'plain meaning' interpretation of the interplay between Rule 68 and § 1988 is the only construction that gives meaning to each word in both Rule 68 and § 1988." Marek, 473 U.S. at 9.

Applying this reasoning to Rule 41(d), the Esposito court held that "a party may recover reasonable attorneys' fees as part of its 'costs' under Rule 41(d) only where the underlying statute defines costs to include attorneys' fees." 223 F.3d at 501. "Thus, attorneys' fees are not a recoverable cost of litigation under Rule 41(d) unless the substantive statute which formed the basis of the original suit allows for the recovery of such fees as costs . . . ." Id.[2] As Esposito had brought suit under § 1983, the defendants would have to show that the first

---

[2] At least one district court has called this reasoning into question in light of the 1993 revisions to Federal Rule of Civil Procedure 54(d). See Cadle Co. v. Beury, 242 F.R.D. 695, 698 (S.D. Ga. 2007). The amendment divided 54(d) into two subsections entitled "Costs Other than Attorneys' Fees" and "Attorneys' Fees." "This subdividing clarifies that attorney's fees are considered by the Rule drafters to be a part of 'costs.'" Id. "[W]hatever was the distinction between costs and attorney's fees under the common law or 'American Rule,' Rule 54(d) now defines costs to include attorney's fees, and it controls for purposes of interpreting the word 'costs' in a fellow Federal Rule." Id. Defendants argue that this amendment to 54(d) applies to the definition of costs under Rule 41(d). We disagree. See TM, LLC v. Anderson, No. 2:11-CV-00071-FL, 2012 WL 4483180, at *10 (E.D.N.C. Sept. 27, 2012) ("[T]his court is not persuaded by such reasoning where neither Rule 68, at issue in Marek, nor Rule 41(d) has been amended in the same manner as Rule 54(d) and there is no indication that the drafters intended a broader application of the amendment beyond Rule 54(d) itself.").

9

suit was "frivolous, unreasonable, or groundless," as it is only on such a showing that prevailing defendants can recover attorneys' fees in a § 1983 suit. Id.

The Esposito court briefly noted an alternative way to award attorneys' fees as part of costs: if "such fees [were] specifically ordered by the court." Id.. The Seventh Circuit explained this alternative in a subsequent unpublished decision the same year. See Sanderson v. Spectrum Labs, Inc., 248 F.3d 1159, 2000 WL 1909678 (7th Cir. 2000) (unpublished table decision). In Sanderson, in addition to the availability of attorneys' fees based on the underlying Lanham Act claim, the court found attorneys' fees appropriate "[e]ven when Rule 41(d) does not authorize" them, as a district court may award attorneys' fees when the opposing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." 2000 WL 1909678, at *6 (second quote quoting F.D. Rich Co., Inc. v. United States ex rel. Indus. Lumber Co., 417 U.S. 116, 129 (1974)).

We find the Seventh Circuit's reasoning persuasive and thus adopt it here. Rule 41(d) does not provide for an award of attorneys' fees as a matter of right; instead, a district court may award attorneys' fees under this rule only where the underlying statute provides for attorneys' fees. A court may also, within its discretion, award attorneys' fees where it

10

makes a specific finding that the plaintiff has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons," a well-established exception to the American Rule. Alyeska, 421 U.S. at 258-59; see Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1985) (applying Alyeska exception to FLSA claim); Hensley v. Alcon Labs., Inc., 277 F.3d 535, 543 (4th Cir. 2002) ("Also under its inherent powers, the district court has authority to shift attorneys fees, but again only in the extraordinary circumstances where bad faith or abuse can form a basis for doing so.").

This rule strikes the right balance between upholding the American Rule and furthering the goal of Rule 41(d) to deter forum shopping and vexatious litigation on the part of the plaintiff. Such a rule also minimizes any inconsistency with Rule 41(a)(2), which courts have interpreted to allow attorneys' fees despite the lack of an express reference. See Davis v. USX Corp., 819 F.2d 1270, 1276 (4th Cir. 1987) (implicitly recognizing district court's ability to impose attorneys' fees under Rule 41(a)(2) but only where plaintiff acted prejudicially or in bad faith); see also, e.g., LeBlang Motors, Ltd. v. Subaru of Am., Inc., 148 F.3d 680, 686-87 (7th Cir. 1998); Painter v. Golden Rule Ins. Co., 121 F.3d 436, 440-41 (8th Cir. 1997).

11

III.

We now turn to whether fees were properly awarded here and conclude that they were not. In general, "the decision whether and in what amount to award attorney fees is one commit[t]ed to the award court's discretion, subject only to review for 'abuse' of that discretion." United Food & Commercial Workers, Local 400 v. Marval Poultry Co., 876 F.2d 346, 350-51 (4th Cir. 1989). We have noted, however, that "the decision to award attorneys' fees is often an 'amalgam—an exercise of discretion based upon express or implicit findings of fact and conclusions of law about the availability and scope of discretion.'" Hyatt v. Shalala, 6 F.3d 250, 254 (4th Cir. 1993) (quoting Marval Poultry, 876 F.2d at 351). A determination of bad faith, vexation, or forum shopping is "a finding of fact underlying the district court's discretionary decision to award fees," and we review that finding for clear error. Id. at 255 (citing Mutual Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc., 872 F.2d 88, 93 (4th Cir. 1989)). Under the clearly erroneous standard, a district court's determination should be affirmed unless the Court is "left with the definite and firm conviction that a mistake has been committed." Mallory v. Booth Refrig. Supply Co., 882 F.2d 908, 909 (4th Cir. 1989) (citation omitted).

We first consider whether the underlying statute includes attorneys' fees. Andrews originally brought suit under the

FLSA, which provides that when a plaintiff prevails a court "shall . . . allow a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b). But the statute is silent as to attorneys' fees in suits where the defendant prevails. See id. Thus, an award of attorneys' fees on a statutory basis would be improper.

We next consider whether attorneys' fees were warranted by Andrews's behavior. Here, the magistrate did not specifically label Andrews's conduct vexatious. Nonetheless, he found an award was warranted because Andrews "voluntarily dismissed the first action shortly after a hearing on a motion to dismiss in order to avoid an adverse ruling. Plaintiff then re-filed the action the very same day." J.A. 61. The magistrate judge found these actions to have "delayed the resolution of this case, increased the costs of defending this action, and wasted the judicial resources of the Court." Id. at 62.

After Andrews's objection, the district court affirmed the decision of the magistrate judge. The district court found,

> From the record before this Court, it is clear that the Plaintiff dismissed the prior action in order to avoid negative rulings on the Defendants' motion to dismiss as well as her motion to amend. Faced with a motion to dismiss, the Plaintiff attempted to amend, apparently to no avail. Meanwhile, the Defendants continued to incur legal fees while Plaintiff attempted to "get it right." Although the Plaintiff may not have been acting in bad faith, the end result of such conduct is repeated litigation of the same

13

claim against the same defendant; that is, vexatious litigation.

Id. at 90 (internal citation omitted).

We have previously relied on the Black's Law definition of vexatious: "By its plain language, vexatious means 'without reasonable or probable cause or excuse.'" In re 1997 Grand Jury, 215 F.3d 430, 436 (4th Cir. 2000) (quoting Black's Law Dictionary 1559 (7th ed. 1999)). We agree with Andrews that her conduct was not so egregious as to rise to the level of vexatious and find that the district court clearly erred in so holding.

At the hearing, the magistrate judge instructed the parties,

> Now the plaintiff has this option. The plaintiff right now, since an answer—all we've got is a motion to dismiss and a motion to amend. The plaintiff could take a dismissal right now. The plaintiff has been the one that has incurred the costs so far in this, which is the filing fee and the service fee. The plaintiff would then be free to file whatever complaint that the plaintiff might wish to seek, which might help solve all the problems of the plaintiff.
>
> . . .
>
> . . . Plaintiff can just stand up and say, I want to take a dismissal, that's fine; and plaintiff can be free to file another complaint or I rule on the motion to amend. Depending on the ruling in that, I can then—whether it's futile or not, I can then—which you all don't know no [sic] and I don't know which way that will go. You'd then go on to the motion to dismiss, which I can tell you right now I would do an M&R recommending dismissal.

J.A. 131-33.

14

We are unmoved by Defendants' argument that the district court found "that in no manner did the exchange which occurred amount to an 'invitation' for the Plaintiff to dismiss the action with impunity." Id. at 88. Considering the definition of vexatious, we would be hard-pressed to find that Andrews was acting "without reason or cause"; instead, the option was presented by the magistrate judge, and Andrews "dismissed the first lawsuit and then refilled [sic] the current lawsuit after adding and amending the factual allegations in an attempt to strengthen the case before facing the federal pleading standard." Costin v. Ally Bank Corp., No. 7:13-CV-113-BO, 2013 WL 5603230, at *1 (E.D.N.C. Oct. 11, 2013) (denying motion for costs); see also Wishneski v. Old Republic Ins. Co., No. 5:06-CV-148-OC-10GRJ, 2006 WL 4764424, at *4 (M.D. Fla. Oct. 10, 2006) (finding no vexation where "no discovery had been taken in the case previously filed and dismissed in the Southern District of Florida," no "substantial motion practice initiated by the Plaintiff," and the case was dismissed only one month after filing); CIVCO Med. Instruments Co v. Protek Med. Prods., 231 F.R.D. 555, 564 (S.D. Iowa 2005) (declining to award fees where previous action had been pending for two months in Minnesota, and when faced with a motion to dismiss for lack of personal jurisdiction, plaintiff "resolved the matter by conducting very

15

brief jurisdictional discovery, negotiating a voluntary dismissal, and refiling the claim in Iowa").

Defendants also do not argue that Andrews acted particularly egregiously or in bad faith; instead, they contend, as the magistrate judge and district court held, that Andrews's behavior had the result of increasing the costs of defending the previous action, wasting judicial resources, and avoiding an adverse ruling. Again, we find this argument unavailing. First, that delay results from a given circumstance is different from acting "vexatiously, wantonly, or for oppressive reasons." Alyeska, 421 U.S. at 258-59. Moreover, in support of his holding that costs were warranted, the magistrate judge cited Andrews's refiling her second action "the very same day." J.A. 61. This fact is insufficient evidence of vexation. Unlike in Robinson, where the Eighth Circuit affirmed an award of fees, Andrews's first and second complaints were not "virtually identical," see 553 F. App'x at 652; rather, Defendants acknowledged that the second complaint was "much more detailed than both the Complaint in the first action and the proposed Amended Complaint in the first action, with 135 paragraphs of allegations," Amicus Br. 4. See also Kent v. Bank of Am., N.A., 518 F. App'x 514, 517 (8th Cir. 2013) (affirming fee award based on vexatious behavior where no explanation for refiling was provided and "the only changes were 'incidental'"); Sanderson,

16

2000 WL 1909678, at *6 (affirming fee award where allegations in first complaint "were repeated almost verbatim in his second complaint").

Given Defendants' admission regarding Andrews's second complaint and the magistrate judge's options at the hearing—which at least included, if not encouraged, voluntary dismissal—we cannot deem Andrews's conduct vexatious. As the district court did not find that Andrews acted in bad faith, wantonly, or oppressively, and as the record does not bear out such a finding, we also decline to affirm the award on any alternative basis.

IV.

Based on the foregoing, we conclude attorneys' fees are a permissible award under Federal Rule of Civil Procedure 41(d) under certain circumstances, but that those circumstances are not present here: the FLSA does not permit an award of attorneys' fees for defendants and Andrews's conduct was not undertaken in bad faith, vexatiously, wantonly, or for oppressive reasons. Because we find that Andrews's conduct was not vexatious, and thus that no award of attorneys' fees was proper, we do not address her argument that the fees imposed by the district court were too high. Accordingly, we vacate the

17

dismissal, reverse the order to pay attorneys' fees, and remand the case for further proceedings consistent with this opinion.

<u>VACATED, REVERSED, AND REMANDED</u>
<u>FOR PROCEEDINGS CONSISTENT WITH THIS OPINION</u>